**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, *et al.*,[1]<br><br>        Reorganized Debtors. | Chapter 11<br><br>Case No. 22-10964 (MG)<br><br>(Jointly Administered) |
| Mohsin Y. Meghji, as Representative for the Post-Effective Date Debtors,<br><br>        Plaintiff,<br><br>v.<br><br>ALEXANDER MASHINSKY, SHLOMI DANIEL LEON, HANOCH GOLDSTEIN, RONI COHEN-PAVON, HARUMI URATA-THOMPSON, JEREMIE BEAUDRY, JOHANNES TREUTLER, KRISTINE MEEHAN MASHINSKY, ALIZA LANDES, AM VENTURES HOLDING, INC., KOALA1 LLC, KOALA2 LLC, KOALA3 LLC, ALCHEMY CAPITAL PARTNERS, LP, BITS OF SUNSHINE LLC, AND FOUR THIRTEEN LLC.<br><br>        Defendants. | Adv. Proc. No. 24-03667 |

**JOINT STIPULATION AND AGREED ORDER BETWEEN THE
LITIGATION ADMINISTRATOR AND THE UNITED STATES
ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK
<u>WITH RESPECT TO AGREEMENT TO STAY THE PROCEEDINGS</u>**

---

[1]     The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these Chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

This stipulation and agreed order (the "Stipulation and Order") is entered into by and among Mohsin Meghji, in his capacity as Litigation Administrator of the Debtors' estates appointed pursuant to the *Modified Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and its Debtor Affiliates (Conformed for MiningCo Transaction)* [Dkt. No. 4289] (the "Plaintiff" or "Litigation Administrator"), and the United States Attorney's Office for the Southern District of New York (the "SDNY", and together with the Plaintiff and the Defendants, the "Parties") each of which agrees and stipulates to the following:

## RECITALS

**WHEREAS**, on July 13, 2022, certain of the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code with the United States Bankruptcy Court for the Southern District of New York (the "Court");

**WHEREAS**, in July 2023, a Grand Jury in the Southern District of New York voted an Indictment against Alexander Mashinsky and Roni Cohen-Pavon, which Indictment (the "Indictment") was unsealed and filed on July 13, 2023, and the case was docketed as 23 CR 347 (the "Criminal Case");

**WHEREAS**, on September 12, 2023, the Court approved the *Joint Stipulation and Agreed Order Between the Debtors, the Official Committee of Unsecured Creditors, and the United States Attorney's Office for the Southern District of New York with Respect to Agreement to Stay the Proceedings with Respect to Equitably Subordinated Claims* [Dkt. No. 3450][2] (the "First Joint Stipulation");

---

[2] "Dkt. No." refers to the docket of *In re Celsius Network LLC, et al.*, Case No. 22-10964 (MG) (Bankr. S.D.N.Y., filed July 13, 2022). "Adv. Proc. Dkt. No." refers to the docket of this adversary proceeding, *Meghji v. Mashinsky et. al.,* Adv. Proc. No. 24-03667 (Bankr. S.D.N.Y., filed July 10, 2024).

2

**WHEREAS**, the First Joint Stipulation stayed proceedings to equitably subordinate the Claims[3] of the Defendants, who are former directors, officers, and employees of the above-captioned debtors (the "Debtors"), until the earlier of (1) September 12, 2024, or (2) the final disposition of the criminal proceedings pending against Defendant Alexander Mashinsky (the "Criminal Case");

**WHEREAS**, the First Joint Stipulation also contemplated that several other proceedings that concerned similar subject matters to the equitable subordination claims would be similarly stayed, including the Goines Matter, the NY AG Matter, the SEC Matter, the CFTC Matter, the FTC Matter (together, the "Civil Proceedings"), and any other civil suit that concerns the subject matter of Defendant Mashinsky's indictment during the pendency of the Criminal Case;[4]

**WHEREAS**, the First Joint Stipulation provided that the "Litigation Administrator may include . . . [the] Equitable Subordinated Claims in [its] Complaint and file and serve such [] Complaint notwithstanding the stay; *provided however*, that the lawsuit opened pursuant to such [] Complaint shall be subject to the stay set forth [in the Joint Stipulation]";

**WHEREAS**, on January 31, 2024, the effective date with respect to the *Modified Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates (Conformed for MiningCo Transaction)* [Dkt. No. 4289] occurred;

**WHEREAS**, on July 10, 2024, the Plaintiff, by and through his undersigned counsel, filed a complaint [Dkt. No. 7174; Adv. Proc. Dkt. No. 1] (the "Complaint") against the Defendants, commencing this adversary proceeding;

---

[3] Capitalized terms used but not defined herein shall have the meaning set forth in the Plan unless otherwise noted.

[4] The "Goines Matter," "NY AG Matter," the "SEC Matter," the "CFTC Matter," and the "FTC Matter" shall all have the meanings set forth in the First Joint Stipulation.

**WHEREAS**, the Complaint concerns certain of the same subject matter as the Criminal Case;

**WHEREAS**, on July 17, 2024, the Plaintiff filed the *Notice of Stay* [Adv. Proc. Dkt. No. 2] which attached the Court's order approving the First Joint Stipulation and provided notice that the Complaint is governed by the First Joint Stipulation and therefore stayed until September 12, 2024;

**WHEREAS**, the trial in the Criminal Case is currently scheduled to begin on January 28, 2025;[5]

**WHEREAS**, the SDNY requested that the Plaintiff agree to further stay all deadlines with respect to the Complaint until the conclusion of the trial in the Criminal Case;

**WHEREAS**, the Plaintiff did not object to a further stay;

**WHEREAS**, this Stipulation was circulated to all known counsel for the Defendants on August 20, 2024;

**WHEREAS**, counsel to (1) Mr. Mashinsky, (2) Mr. Beaudry, (3) Mr. Goldstein, (4) Ms. Meehan, (5) Koala1 LLC, (6) Koala2 LLC, (7) Koala3 LLC, (8) Four Thirteen LLC, (9) Bits of Sunshine LLC, (10) AM Ventures Holding, Inc, and (11) Harumi Urata-Thompson informed counsel to the Litigation Administrator that their clients did not object to the stay.

**WHEREAS**, counsel to (1) Roni Cohen-Pavon, (2) Johannes Treutler, (3) Shlomi Daniel Leon, (4) Aliza Landes, and (5) Alchemy Capital Partners, LP, did not respond;

**WHEREAS**, the Parties now jointly submit this Stipulation and Order and respectfully request that the Court approve the stipulation set forth below.

---

[5] *See* Order of Feb. 20, 2024, *United States v. Mashinsky,* No. 23-cr-347 (S.D.N.Y.).

**IT IS THEREFORE STIPULATED AND AGREED, AND UPON COURT APPROVAL HEREOF, IT IS HEREBY ORDERED THAT:**

1. The Parties agree to further stay the proceedings commenced by the Complaint until the earlier of (1) the conclusion of the jury trial with respect to the Criminal Case that is scheduled to begin on January 28, 2025, or (2) March 31, 2025; *provided*, that to the extent the stay with respect to any of the Civil Proceedings is lifted after the date this Stipulation and Order is entered, then the Plaintiff may request that the Court lift the stay due to prejudice to the Plaintiff that may be caused by the other Civil Proceedings being prosecuted while the proceedings with respect to the Complaint are stayed; *provided* that SDNY preserves any and all rights with respect to any such request by the Plaintiff. For the avoidance of any doubt, nothing in this paragraph or in this Stipulation and Order prevents the SDNY from seeking a further stay of the proceedings commenced by the Complaint, and all parties reserve all rights and defenses in that regard.

2. The SDNY agrees, to the extent consistent with its obligations in the Criminal Case, including any limitations imposed by law and/or Department of Justice policy, to consult and coordinate with the Plaintiff in connection with the distribution of assets to any party in connection with any funds recovered in connection with the Indictment.

3. Nothing in this Stipulation and Order shall prevent the Plaintiff from filing or pursuing additional complaints or other actions as it deems appropriate.

4. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Stipulation and Order; *provided* that nothing in this paragraph confers jurisdiction by this Court over the Criminal Case.

5. This Stipulation and Order shall not become effective unless and until it is approved by the Court.

6. This Stipulation and Order shall be binding on and inure to the benefit of the Parties and their respective heirs, executors, administrators, successors, and permitted assigns.

7. The Parties are authorized to take all actions necessary to effectuate the relief set forth in this Stipulation and Order.

8. The Court shall have exclusive jurisdiction to resolve any and all disputes related to this Stipulation and Order. Each of the Parties irrevocably consents for all purposes of this Stipulation and Order to the jurisdiction of the Court and agrees that venue is proper in the Court. Nothing in this paragraph confers jurisdiction in this Court over any matter that is part of the Criminal Case.

9. Nothing in this Stipulation and Order constitutes a waiver of any right of any party to: (a) have final orders in non-core matters entered only after de novo review by the United States District Court; (b) trial by jury in the above-captioned cases and in any proceeding to which such right exists; (c) have the United States District Court withdraw the reference in any matter or proceeding subject to mandatory or discretionary withdrawal; (d) contest jurisdiction or appropriate venue in any proceeding; or (e) any other rights, claims, actions, defenses, setoffs, recoupments, or other matters which the parties have or may hereafter obtain, in law or in equity, all of which rights, claims, actions, defenses, setoffs, recoupments, and other matters are expressly reserved.

10. Nothing in this Stipulation and Order, whether express or implied, shall be construed to give to any person or entity other than the Parties any legal or equitable right, remedy, interest, or claim under or in respect of this Stipulation and Order.

11. This Stipulation and Order represents the Parties' mutual understandings and supersedes all prior agreements whether in oral or written form.

12. This Stipulation and Order shall be effective and enforceable immediately upon entry.

**SO STIPULATED:**

Dated: August 26, 2024

| | |
|---|---|
| */s/ Aaron Colodny* | */s/ Adam Hobson* |
| **WHITE & CASE LLP** | Adam Hobson |
| Aaron Colodny (admitted *pro hac vice*) | Allison Nichols |
| 555 South Flower Street, Suite 2700 | Noah Solowiejczyk |
| Los Angeles, California 90071 | Peter Aronoff |
| Telephone: (213) 620-7700 | Assistant United States Attorneys |
| Facsimile: (213) 452-2329 | 1 St. Andrew's Plaza |
| Email: aaron.colodny@whitecase.com | New York, NY 10007 |
| | Telephone: (212) 637-2366/2473/2484 |
| | Email: AHobson@usa.doj.gov |

– and –

**WHITE & CASE LLP**
David M. Turetsky
Samuel P. Hershey
Kathryn J. Gundersen
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: david.turetsky@whitecase.com
         sam.hershey@whitecase.com
         kathryn.gundersen@whitecase.com

– and –

**WHITE & CASE LLP**
Jason Zakia (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: jzakia@whitecase.com
 gregory.pesce@whitecase.com

*Counsel to the Litigation Administrator*

**IT IS SO ORDERED.**

Dated: August 27, 2024
New York, New York

                                                   **/s/ Martin Glenn**
                                                   MARTIN GLENN
                                       Chief United States Bankruptcy Judge