**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, *et al.*,[1]<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No. 22-10964 (MG)<br><br>(Jointly Administered) |
| Mohsin Y. Meghji, as Representative for the Post-Effective Date Debtors,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER MASHINSKY, SHLOMI DANIEL LEON, HANOCH GOLDSTEIN, RONI COHEN-PAVON, HARUMI URATA-THOMPSON, JEREMIE BEAUDRY, JOHANNES TREUTLER, KRISTINE MEEHAN MASHINSKY, ALIZA LANDES, AM VENTURES HOLDINGS INC., KOALA1 LLC, KOALA2 LLC, KOALA3 LLC, ALCHEMY CAPITAL PARTNERS, LP, BITS OF SUNSHINE LLC, AND FOUR THIRTEEN LLC.<br><br>Defendants. | Adv. Proc. No. 24-03667 |

## MOTION FOR ENTRY OF AN ORDER
## LIFTING THE STAY OF THE PROCEEDINGS

Mohsin Meghji, in his capacity as Litigation Administrator of the Debtors' estates

appointed pursuant to the *Modified Joint Chapter 11 Plan of Reorganization of Celsius Network*

---

[1] The debtors in these Chapter 11 cases (collectively, the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these Chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*LLC and its Debtor Affiliates (Conformed for MiningCo Transaction)* [Dkt. No. 4289] (the "Plaintiff," or "Litigation Administrator") files this motion seeking entry of an order, substantially in the form attached as **Exhibit 1** (the "Proposed Order"), lifting the stay of the proceedings in the above-captioned adversary proceeding (the "Stay") with respect to the above-captioned defendants (the "Defendants").

## JURISDICTION

1. The Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012.

2. This adversary proceeding constitutes a "core" proceeding as defined in 28 U.S.C. § 157(b)(2)(E), (b)(2)(F), and (b)(2)(H).

3. Venue is proper under 28 U.S.C. §§ 1408 and 1409 because this adversary proceeding arises under and in connection with cases commenced under the Bankruptcy Code.

## REQUESTED RELIEF

4. In July 2023, a Grand Jury in the Southern District of New York voted an Indictment against Alexander Mashinsky and Roni Cohen-Pavon, both defendants in this suit. The Indictment was unsealed and filed on July 13, 2023, and the case was docketed as 23 CR 347 (the "Criminal Case"). On September 13, 2023, Mr. Cohen-Pavon pled guilty to securities fraud and wire fraud.

5. The Debtors sought to equitably subordinate the claims of certain of the Defendants in connection with the confirmation of their proposed plan of reorganization. Prior to the trial with respect to the confirmation of the plan, the United States Attorney's Office for the Southern District of New York (the "SDNY") requested that the Debtors and the Official

Committee of Unsecured Creditors (the "Committee") agree to stay the proceedings with respect to equitable subordination and other related matters.

6. On September 12, 2023, the Court approved the *Joint Stipulation and Agreed Order Between the Debtors, the Official Committee of Unsecured Creditors, and the United States Attorney's Office for the Southern District of New York with Respect to Agreement to Stay the Proceedings with Respect to Equitably Subordinated Claims* [Dkt. No. 3450][2] (the "First Stipulation"). The First Stipulation provided that the equitable subordination of the Equitably Subordinated Claims (as that term was defined therein) would be stayed until the earlier of (1) September 12, 2024, or (2) the final disposition of the criminal proceedings pending against Defendant Alexander Mashinsky (the "Criminal Case"). The First Stipulation also provided that the draft Complaint filed by the Committee that made allegations with respect to, and asserted claims against, the Defendants could be filed and served, but would be subject to the stay set forth in the First Stipulation. No Defendant objected to the proposed stay or was party to the First Stipulation.

7. After the First Stipulation was entered, the trial in the Criminal Case was adjourned from September 17, 2024 to January 28, 2025. Accordingly, the stay imposed by the First Joint Stipulation was set to expire on September 12, 2024.

8. On July 10, 2024, the Litigation Administrator filed a Complaint against the Defendants, commencing the above-captioned adversary proceeding.

9. In light of the delay of the Criminal Case, the SDNY requested the Litigation Administrator agree to extend the stay until the conclusion of the jury trial in the Criminal Case.

---

[2] "Dkt. No." refers to the docket of *In re Celsius Network LLC, et al.*, Case No. 22-10964 (MG) (Bankr. S.D.N.Y., filed July 13, 2022). "Adv. Proc. Dkt. No." refers to the docket of this adversary proceeding, *Meghji v. Mashinsky et. al.,* Adv. Proc. No. 24-03667 (Bankr. S.D.N.Y., filed July 10, 2024).

The Litigation Administrator did not object to a further stay, and together with the SDNY, filed the *Joint Stipulation and Agreed Order Between the Litigation Administrator and the United States Attorney's Office for the Southern District of New York With Respect to Agreement to Stay the Proceedings* [Adv. Proc. Dkt. No. 15] on August 26, 2024 (the "<u>Second Stipulation</u>"). The Second Stipulation was circulated to known counsel for all Defendants. No Defendant was a party to the Second Stipulation. The Second Joint Stipulation provided that the proceedings in the above-captioned adversary proceeding would be stayed until the earlier of (1) the conclusion of the jury trial with respect to the Criminal Case that is scheduled to begin on January 28, 2025, or (2) March 31, 2025. *See* Second Stipulation § 1.

10. The Court entered the Second Stipulation on August 27, 2024 [Adv. Proc. Dkt. No. 16].

11. On September 4, 2024, the Litigation Administrator also filed its *Motion for a Stay of the Proceedings* [Adv. Proc. Dkt. No. 19], which was approved by the Court on September 5, 2024 [Adv. Proc. Dkt. No. 21].

12. On December 3, 2024, Defendant Alexander Mashinsky pled guilty to count two (commodities fraud) and count five (securities fraud) of the Indictment in the Criminal Case. The Court accepted Mr. Mashinky's guilty plea, thus eliminating the need for the jury trial in the Criminal Case. Mr. Mashinsky's sentencing hearing is scheduled for April 8, 2025.

13. The Litigation Administrator has conferred with the SDNY, and the SDNY has agreed that there is no longer a need for the Stay, that the Litigation Administrator can proceed with this Adversary Proceeding, and consented to the Stay being lifted.

14. On December 10, 2024, counsel to the Litigation Administrator emailed counsel for each Defendant to inform counsel that the SDNY had agreed that there was no longer a need

for the Stay and to negotiate the deadline for the Defendants to respond to the Complaint. Counsel to Mr. Mashinsky responded and indicated that she did not believe the Stay had expired and opposed lifting of the Stay of the proceedings. Counsel to Mr. Mashinsky also indicated that she was authorized to represent that Defendants Urata-Thompson, Goldstein, Beaudry, Kristine Meehan Mashinsky and their affiliated Defendant entities agreed the Stay had not been lifted and objected to moving ahead at this time absent any other changes.

15. Because the jury trial with respect to the Indictment has been cancelled, the Stay has expired by its terms. There is no longer a need for the Stay, which the Litigation Administrator agreed with to avoid interfering with Mr. Mashinsky's criminal trial. But given the Defendants' stated position that the Stay has not expired, the Litigation Administrator requests that the Court enter the Order formally lifting the stay and setting January 24, 2025 as the deadline for the Defendants to respond to the Complaint.

16. A copy of this Motion will be served on all known counsel for the Defendants by first class mail and Mr. Treutler, Mr. Leon and Ms. Landes by first class mail at their last known address.

## **CONCLUSION**

Plaintiff respectfully requests that the Court (a) enter the Proposed Order lifting the Stay of the proceedings for all Defendants (b) set the deadline for all Defendants to respond to the Complaint as January 24, 2025, and (c) grant such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: December 17, 2024<br>New York, New York | Respectfully submitted,<br><br>*/s/ Aaron Colodny*<br>**WHITE & CASE LLP**<br>Aaron Colodny (admitted *pro hac vice*)<br>555 South Flower Street, Suite 2700<br>Los Angeles, California 90071<br>Telephone: (213) 620-7700<br>Facsimile: (213) 452-2329<br>Email: aaron.colodny@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>David M. Turetsky<br>Samuel P. Hershey<br>Kathryn J. Gundersen<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Facsimile: (212) 354-8113<br>Email: david.turetsky@whitecase.com<br>       sam.hershey@whitecase.com<br>       kathryn.gundersen@whitecase.com<br>– and –<br><br>**WHITE & CASE LLP**<br>Jason N. Zakia (admitted *pro hac vice*)<br>Gregory F. Pesce (admitted *pro hac vice*)<br>111 South Wacker Drive, Suite 5100<br>Chicago, Illinois 60606<br>Telephone: (312) 881-5400<br>Facsimile: (312) 881-5450<br>Email: jzakia@whitecase.com<br>       gregory.pesce@whitecase.com<br><br>*Counsel to the Litigation Administrator* |

**Exhibit 1**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[3] | ) ) | Case No. 22-10964 (MG) |
| Reorganized Debtors. | ) ) ) ) | (Jointly Administered) |
| Mohsin Y. Meghji, as Representative for the Post-Effective Date Debtors, | ) ) ) ) ) | Adv. Proc. No. 24-03667 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| ALEXANDER MASHINSKY, SHLOMI DANIEL LEON, HANOCH GOLDSTEIN, RONI COHEN-PAVON, HARUMI URATA-THOMPSON, JEREMIE BEAUDRY, JOHANNES TREUTLER, KRISTINE MEEHAN MASHINSKY, ALIZA LANDES, AM VENTURES HOLDING, INC., KOALA1 LLC, KOALA2 LLC, KOALA3 LLC, ALCHEMY CAPITAL PARTNERS, LP, BITS OF SUNSHINE LLC, AND FOUR THIRTEEN LLC. | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER GRANTING PLAINTIFF'S MOTION TO LIFT
THE STAY OF THE PROCEEDINGS**

---

[3] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these Chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

Upon the motion (the "Motion") of Mohsin Meghji, in his capacity as Litigation Administrator of the Debtors' estates appointed pursuant to the *Modified Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and its Debtor Affiliates (Conformed for MiningCo Transaction)* [Dkt. No. 4289] (the "Plaintiff," or "Litigation Administrator"), seeking entry of an order (a) lifting the stay of the proceedings in the above-captioned adversary proceeding (the "Stay") with respect to the above-captioned defendants (the "Defendants"), (b) setting the deadline for the Defendants to respond to the Complaint as January 24, 2025, and (c) granting such other relief as is just and proper, all as more fully set forth in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and the Motion and relief requested being a core proceeding under 28 U.S.C. § 157(b)(2); and this Court having found that venue of this adversary proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and this Court having reviewed the Motion; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is **GRANTED**.

2. The Stay of the proceedings with respect to all Defendants is hereby lifted.

3. The deadline for the Defendants to respond to the Complaint in the above-captioned adversary proceeding is January 24, 2025.

4. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2024
      New York, New York

                                                _____
                                                MARTIN GLENN
                                                Chief United States Bankruptcy Judge