UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | |
| Celsius Network LLC, *et al.,*[1] | Case No. 22-10964 (MG) |
| Register Debtors, | Adversary Proceeding No. |
| | (Jointly Administer) |
| Mohsin Y. Meghji, as Representative for the Post-Effective Date Debtors, | |
| Plaintiff, | |
| v. | |
| ALEXANDER MASHINSKY, SHLOMI DANIEL LEON, HANOCH GOLDSTEIN, RONI COHEN-PAVON, HARUMI URATA-THOMPSON, JEREMIE BEAUDRY, JOHANNES TREUTLER, KRISTINE MEEHAN MASHINSKY, ALIZA LANDES, AM VENTURES HOLDING, INC., KOALA1 LLC, KOALA2 LLC, KOALA3 LLC, ALCHEMY CAPITAL PARTNERS, LP, BITS OF SUNSHINE LLC, AND FOUR THIRTEEN LLC. | |
| Defendants. | |

## DEFENDANT ALEXANDER MASHINSKY'S
## ANSWER TO THE COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Alexander Mashinsky, ("Mashinsky" or "Defendant") by and through his

attorneys Ruskin Moscou Faltischek, P.C., hereby answers the Complaint dated July 10, 2024,

---

[1] The Debtors in the Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these Chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

filed by Mohsin Y. Meghji, as Representative for the Post-Effective Date Debtors ("Plaintiff") as follows:

## NATURE OF THE ACTION

1.      Defendant denies the allegations in paragraph 1 of the Complaint, except admits Mashinsky, Leon, and Goldstein were Celsius co-founders.

2.      Defendant denies the allegations of paragraph 2 of the Complaint.

3.      Defendant denies the allegations in paragraph 3 of the Complaint.

4.      Defendant denies the allegations in paragraph 4 of the Complaint, except admits that he participated in "Ask Mashinsky Anything" broadcasts ("AMAs") and refers the Court to the statements made by Mashinsky therein and denies anything inconsistent therewith and lacks knowledge or information sufficient to form belief as to the truth of the allegations regarding the remaining Defendants.

5.      Defendant denies the allegations in paragraph 5 of the Complaint.

6.      Defendant denies the allegations in paragraph 6 of the Complaint.

7.      Defendant denies the allegations in paragraph 7 of the Complaint.

8.      Defendant refers the Court to the transactions between Celsius and Equities First Holdings and denies anything inconsistent therewith.

9.      Defendant denies the allegations in paragraph 9 of the Complaint.

10.     Defendant denies the allegations in paragraph 10 of the Complaint, except refers the Court to Declaration of Alex Mashinsky, Chief Executive Officer of Celsius Network LLC, In Support of Chapter 11 Petitions and First Day Motions [Dkt. No. 23] ¶ 10 for statements made by Defendant and denies anything inconsistent therewith.

11.      Defendant denies the allegations in in paragraph 11 as they relate to Defendant and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.

12.      Defendant denies the allegations in paragraph 12 of the Complaint as they relate to Defendant, except that Defendant refers the Court to his guilty plea allocution in *United States v. Mashinsky*, 23 Cr. 347 (JGK) (S.D.N.Y. Dec. 3, 2024) and denies anything inconsistent therewith and refers the Court to Defendant's "live AMAs and other engagements" for statements made by Defendant and denies anything inconsistent therewith.

13.      Defendant denies the allegations in paragraph 13 of the Complaint.

14.      Defendant denies the allegations in paragraph 14 of the Complaint as they relate to Defendant and lacks knowledge or information sufficient to form a belief as to the truth of allegations related to Mr. Leon and the "Defendants."

15.      Defendant denies the allegations in paragraph 15 of the Complaint.

16.      Defendant denies the allegations in the first two sentences of the Complaint as they relate to Defendant and lacks knowledge or information sufficient to form a belief as to the truth of allegations related to "the other Defendants." The remaining allegations in paragraph 16 of the Complaint are characterizations of Plaintiff's claims to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in paragraph 16.

## **JURISDICTION**

17.      The allegations in paragraph 17 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18.     The allegations in paragraph 18 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19.     The allegations in paragraph 19 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20.     The allegations in paragraph 20 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21.     The allegations in paragraph 21 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

**PARTIES**

22.     The allegations in paragraph 22 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23.     The allegations in paragraph 23 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint, except admits that "Alexander Mashinsky is one of the founders of Celsius," Defendant was CEO of Celsius Network Limited, and Defendant was on the New Business Committee, Executive Committee, Assets and Liabilities Committee,

Risk Committee, Assets & Obligations Committee, Deployment Committee, and Investment Committee, and Defendant maintains a residence and conducts or conducted business in or directed at New York.

25.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

27.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

29.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

30.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint, except admits that Kristine Meehan is Defendant's spouse and she maintains a residence in New York.

33.    Defendant denies the allegations in paragraph 33 of the Complaint, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations that "Defendant AM Ventures Holding, Inc. ("**AMV**") is a corporation incorporated under the laws of

the State of Delaware;" and refers the Court to the Token Sale Agreement and denies anything inconsistent concerning the allegations that "AMV agreed to purchase CEL tokens in connection with the ICO of Celsius Network Limited."

34.     Defendant denies the allegations in paragraph 34 of the Complaint.

35.     Defendant denies the allegations in paragraph 35 of the Complaint.

36.     Defendant denies the allegations in paragraph 36 of the Complaint.

37.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint.

38.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint.

39.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint.

40.     The allegations in paragraph 40 of the Complaint state legal conclusions for which no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint.

## **STATEMENT OF FACTS** [2]

41.     Defendant denies the allegations in paragraph 41 of the Complaint, except admits "Celsius was started by Mr. Mashinsky, Mr. Leon, and Mr. Goldstein in 2017;" Defendant further refers the Court to the "Whitepaper" referenced in the paragraph and denies anything inconsistent therewith.

---

[2] The headings in Plaintiff's Complaint in the Statement of Facts section have been removed from Defendant's Answer. To the extent the excluded heading in Plaintiff's Complaint state any allegations, those allegations are expressly denied.

42.    Defendant denies the allegation in paragraph 42 of the Complaint that "Celsius said it would lend those cryptocurrency assets to hedge funds, family offices, and crypto funds to 'make the most of their greed'" and admits the remaining allegations in the paragraph.

43.    Defendant denies the allegations in paragraph 43 of the Complaint.

44.    Defendant denies the allegations in paragraph 44 of the Complaint, except Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "[t]he late 2010s were known as the 'ICO boom.' Coins (and scams) were common, and a successful ICO was perceived as the key to a project's successful start."

45.    Defendant denies the allegations in paragraph 45 of the Complaint; Defendant further refers the Court to the "Whitepaper" referenced in the paragraph, and denies anything inconsistent therewith.

46.    Defendant denies the allegations in paragraph 46 of the Complaint; Defendant further refers the Court to the "Token Sale Agreement" referenced in the paragraph, and denies anything inconsistent therewith.

47.    Defendant denies the allegations in paragraph 47 of the Complaint; Defendant further refers the Court to the "Notice of Exempt Offering of Securities (Form D)" referenced in the paragraph, and denies anything inconsistent therewith.

48.    Defendant denies the allegations in paragraph 48 of the Complaint; Defendant further refers the Court to the videos referenced in the paragraph for the statements allegedly made by Defendant and denies anything inconsistent therewith.

49.    Defendant denies the allegations in paragraph 49 of the Complaint as they relate to Defendant and Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the allegation in paragraph as they relate to "Mr. Leon, Mr. Cohen-Pavon, Mr. Goldstein, and Mr. Beaudry."

50.     Defendant denies the allegations in paragraph 50 of the Complaint as they relate to Defendant and Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph as they relate to "Mr. Leon, Mr. Cohen-Pavon, and Mr. Beaudry."

51.     Defendant denies the allegations in paragraph 51 of the Complaint.

52.     Defendant denies the allegations in paragraph 52 of the Complaint, except Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that there was a Celsius board meeting on April 7, 2020.

53.     Defendant denies the allegations in paragraph 53 of the Complaint that "Mr. Mashinsky ordered the 117,000,000 CEL tokens to be sent to Celsius's treasury" and the remaining allegations that relate to Defendant in the paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph as they relate to "Ms. Urata-Thompson and Mr. Goldstein," "Johannes Treutler," "Mr. Leon," and "other employees." Defendant further refers the Court to the board's resolution concerning the allegation that "the board eventually resolved to move the 117,000,000 CEL tokens to Celsius's treasury" and denies anything inconsistent therewith.

54.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint.

55.     Defendant denies the allegations in paragraph 55 of the Complaint that "[t]he Company continued to misrepresent how it handled the tokens that were not purchased in the ICO until its bankruptcy filing." Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph.

56.    Defendant denies the allegations in paragraph 56 of the Complaint; Defendant further refers the Court to the videos referenced in the paragraph for the statements allegedly made by Defendant, and denies anything inconsistent therewith. Defendant admits that some Celsius account holders could elect to receive weekly rewards payments in CEL tokens.

57.    Defendant denies the allegations in paragraph 57 of the Complaint as they relate to Defendant and Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.

58.    Defendant denies the allegations in paragraph 58 of the Complaint.

59.    Defendant denies the allegations in paragraph 59 of the Complaint, except admits that some users could use CEL tokens to pay interest on their retail loans at a lower interest rate and some employees received CEL tokens as part of their compensation.

60.    Defendant denies the allegations in paragraph 60 of the Complaint.

61.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint.

62.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint.

63.    Defendant denies the allegations in paragraph 63 of the Complaint.

64.    In response to the allegations in paragraph 64 of the Complaint, Defendant refers the Court to the statements Defendant allegedly made in the cited videos and denies anything inconsistent therewith.

65.    Defendant denies the allegations in paragraph 65 of the Complaint as they relate to Defendant and Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.

66.     Defendant denies the allegations in paragraph 66 of the Complaint, Defendant further refers the Court to the statements Defendant allegedly made in the cited video, and denies anything inconsistent therewith.

67.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint.

68.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint.

69.     Defendant denies the allegations in paragraph 69 of the Complaint, except Defendant further refers the Court to the policy cited in the paragraph and denies anything inconsistent therewith and Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Mr. Beaudry, and refers the Court to Celsius' books and records for the terms of the policies and denies anything inconsistent therewith.

70.     Defendant denies the allegations in paragraph 70 of the Complaint except, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Mr. Leon and Mr. Goldstein.

71.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Complaint.

72.     Defendant denies the allegations in paragraph 72 of the Complaint, except admits that "Celsius paid its officers and employees bonuses when the market price of CEL token reached $1.50 and $5.00" and refers the Court to Celsius' books and records for the terms of the bonus policy and denies anything inconsistent therewith; Defendant further lacks knowledge or information sufficient to form a belief as to the truth of the allegations that "[t]hese bonuses were calculated as a total amount of CEL tokens. However, a portion of each employee's CEL token

10

bonus was paid in CEL tokens that would vest over time and the remaining portion of each employee's CEL token bonus allocation was paid in cash. The cash portions of the Defendants' bonuses were significant, with some more than $1 million."

73.     Defendant denies the allegations in paragraph 73 of the Complaint, except admits that "[a]t the beginning of 2021, the price of CEL had increased to over $6.00 per token," and lacks knowledge or information sufficient to form a belief as to the truth of the allegations that "Ms. Urata-Thompson relayed the message to Mr. Treutler and asked him to make sure 'to keep a low profile for now.'"

74.     Defendant denies the allegations in paragraph 74 of the Complaint; Defendant further refers the Court to the statements Defendant allegedly made in the cited video, and denies anything inconsistent therewith.

75.     Defendant denies the allegations in paragraph 75 of the Complaint.

76.     Defendant denies the allegations in paragraph 76 of the Complaint; Defendant further refers the Court to the October 30, 2021 statements by Mr. Cohen-Pavon via WhatsApp, and denies anything inconsistent therewith.

77.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the Complaint.

78.     Defendant denies the allegations in paragraph 78 of the Complaint.

79.     Defendant denies the allegations in paragraph 79 of the Complaint; Defendant further refers the Court to the statements Defendant allegedly made in the cited video and denies anything inconsistent therewith.

80.     Defendant denies the allegations in paragraph 80 of the Complaint.

81.    The allegations in paragraph 81 of the Complaint state legal conclusions for which no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81.

82.    Defendant denies the allegations in paragraph 82 of the Complaint as it relates to Defendant, and denies knowledge or information sufficient to form a belief as to the other individuals referenced therein.

83.    Defendant denies the allegations in paragraph 83 of the Complaint that Defendant directed Celsius to purchase CEL tokens in May 2022 and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.

84.    Defendant denies the allegations in paragraph 84 of the Complaint, and Defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding Celsius' intent.

85.    Defendant denies the allegations in paragraph 85 of the Complaint, lacks knowledge or information sufficient to form a belief as to the truth of the allegations related to Mr. Leon and Mr. Goldstein, and admits that between 2019 and 2021 Defendant sold CEL tokens through centralized and decentralized exchanges.

86.    Defendant denies the allegations in paragraph 86 of the Complaint as they refer to Defendant and lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Mr. Leon, Mr. Goldstein, Mr. Cohen-Pavon, Ms. Urata-Thompson, Mr. Beaudry, Mr. Treutler, and Ms. Landes.

87.    Defendant denies the allegations in paragraph 87 of the Complaint; Defendant further refers the Court to the cited videos and tweets for statements allegedly made by Defendant,

and to his guilty plea allocution in *United States v. Mashinsky*, 23 Cr. 347 (JGK) (S.D.N.Y. Dec. 3, 2024) and denies anything inconsistent therewith.

88.    Defendant denies the allegations in paragraph 88 of the Complaint except admits "Mr. Mashinsky recorded many AMAs from his apartment in New York and the Company's New Jersey offices," and "The AMAs frequently featured guests, including many of the Defendants."

89.    Defendant denies the allegations in paragraph 89 of the Complaint.

90.    Defendant denies the allegations in paragraph 90 of the Complaint; Defendant further refers the Court to the statements Defendant allegedly made in the cited video and denies anything inconsistent therewith; Defendant further lacks knowledge or information sufficient to form a belief as to the truth of the legal positions the "Company took in its Chapter 11 Cases."

91.    Defendant denies the allegations in paragraph 91 of the Complaint; Defendant further refers the Court to the statements Defendant allegedly made in the cited video and denies anything inconsistent therewith.

92.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph 92 of the Complaint.

93.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph 93 of the Complaint.

94.    Defendant denies the allegations in paragraph 94 of the Complaint as they relate to Defendant and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph 94.

95.    Defendant denies the allegations in paragraph 95 of the Complaint.

96.    Defendant denies the allegations in paragraph 96 of the Complaint.

97.    Defendant denies the allegations in paragraph 97 of the Complaint; Defendant further refers the Court to the statements Defendant allegedly made in the cited video and denies anything inconsistent therewith; Defendant further lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

98.    Defendant denies the allegations in paragraph 98 of the Complaint.

99.    Defendant denies the allegations in paragraph 99 of the Complaint, and refers the Court to the August 19, 2021 letter and denies anything inconsistent therewith.

100.    Defendant denies the allegations in paragraph 100 of the Complaint; Defendant further refers the Court to the statements Defendant allegedly made in the cited video, denies anything inconsistent therewith, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

101.    Defendant denies the allegations in paragraph 101 of the Complaint concerning Plaintiff's characterization of Defendant's statement and refers the Court to the cited tweet for the statements allegedly made by Defendant and denies anything inconsistent therewith.

102.    Defendant denies the allegations in paragraph 102 of the Complaint and Defendant further refers the Court the internal presentation cited in paragraph 102 of the Complaint and denies anything inconsistent therewith.

103.    Defendant denies the allegations in paragraph 103 of the Complaint that Defendant's April 13, 2022 statement was a misrepresentation and refers the Court to the video referenced in the paragraph for the statements allegedly made by Defendant, and denies anything inconsistent therewith.

104.    Defendant denies the allegations in paragraph 104 of the Complaint; Defendant refers the Court to the cited Declaration of Alex Mashinsky, Chief Executive Officer of Celsius

Network LLC, In Support of Chapter 11 Petitions and First Day Motions for statements allegedly made by Defendant, and denies anything inconsistent therewith.

105.    Defendant further refers the Court to the video referenced in the paragraph for the statements allegedly made by Defendant, and denies anything inconsistent therewith.

106.    Defendant denies the allegations in paragraph 106 of the Complaint; Defendant further refers the Court to the videos referenced in the paragraph for the statements allegedly made by Defendant, and his guilty plea allocution in *United States v. Mashinsky*, 23 Cr. 347 (JGK) (S.D.N.Y. Dec. 3, 2024), and denies anything inconsistent therewith.

107.    Defendant denies the allegations in paragraph 107 of the Complaint; Defendant further refers the Court to the video referenced in the paragraph for the statements allegedly made by Defendant, and his guilty plea allocution in *United States v. Mashinsky*, 23 Cr. 347 (JGK) (S.D.N.Y. Dec. 3, 2024), and denies anything inconsistent therewith.

108.    Defendant denies the allegations in paragraph 108 of the Complaint.

109.    Defendant denies the allegations in paragraph 109 of the Complaint, except Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations that "From that time forward, Celsius executives from its risk, regulatory, compliance, and legal teams watched the AMAs live, along with thousands of current and prospective customers, and documented inaccurate or materially misleading statements made by Mr. Mashinsky, co-hosts, and guests."

110.    Defendant denies the allegations in paragraph 110 of the Complaint; Defendant further refers the Court to the video referenced in the paragraph for the statements made or omitted and denies anything inconsistent therewith,

111.    Defendant denies the allegations in paragraph 111 of the Complaint.

112.    Defendant denies the allegations in paragraph 112 of the Complaint.

113.    Defendant denies the allegations in paragraph 113 of the Complaint as they relate to Defendant and lacks knowledge or information sufficient to form a belief as to the truth of the allegations related to Ms. Urata-Thompson, and denies the remaining allegations in the paragraph.

114.    Defendant denies the allegations in paragraph 114 of the Complaint.

115.    Defendant denies the allegations in paragraph 115 of the Complaint.

116.    Defendant denies the allegations in paragraph 116 of the Complaint.

117.    Defendant denies the allegations in paragraph 117 of the Complaint.

118.    Defendant denies the allegations in paragraph 118 of the Complaint, except Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made by "[o]ne coin deployment specialist" and "Celsius's Head of Model Risk and Quantitative Analytics."

119.    Defendant denies the allegations in paragraph 119 of the Complaint.

120.    Defendant denies the allegations in paragraph 120 of the Complaint, except Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements allegedly made by Ms. Aslihan Denizkurdu and Mr. Rod Bolger.

121.    Defendant denies the allegations in paragraph 121 of the Complaint, except admits that from March 2020 to the year 2021, Celsius experienced rapid growth in both its registered users and assets under management; Defendant further lacks knowledge or information sufficient to form a belief as to the truth of the allegations that "[b]y December 2021, Celsius claimed that it had over one million registered users."

122.    Defendant denies the allegations in paragraph 122 of the Complaint.

123.    Defendant denies the allegations in paragraph 123 of the Complaint, except admits that Celsius worked with KeyFi.

124.    Defendant denies the allegations in paragraph 124 of the Complaint, and refers the Court to the Asset Purchase Agreement and denies anything inconsistent therewith.

125.    Defendant denies the allegations in paragraph 125 of the Complaint.

126.    Defendant denies the allegations in paragraph 126 of the Complaint.

127.    Defendant denies the allegations in paragraph 127 of the Complaint, except Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the presentation, as Defendant has not seen the presentation.

128.    Defendant denies the allegations in paragraph 128 of the Complaint, and denies knowledge or information sufficient to form a belief as to what the Debtors informed the Official Committee of Unsecured Creditors, and refers the Court to the presentation cited in paragraph 128 and denies anything inconsistent therewith. ."

129.    Defendant denies the allegations in paragraph 129 of the Complaint, except Defendant admits the part of the allegation that in 2019, Celsius "enter[ed] into the first of a series of loan agreements with EFH under which EFH would loan Celsius U.S. dollars collateralized by BTC and ETH, which would be held by EFH," and "Ms. Urata-Thompson joined the Company, she was in charge of Celsius's relationship with EFH, including subsequent multi-million dollar loans;" Defendant further lacks knowledge of information sufficient to form a belief as to the truth of the specific lawsuits involving EFH.

130.    Defendant denies the allegations in paragraph 130 of the Complaint except, Defendant further lacks knowledge or information sufficient to form a belief as to the truth of the allegations that "[w]hen certain of Celsius's loans with EFH came due in July 2021, EFH informed

17

Celsius that it would be unable to return Celsius's BTC and ETH collateral which was then valued to be worth approximately $509 million" and "EFH defaulted and stopped making any payments to Celsius on or around June 13, 2023. It currently owes Celsius approximately $308 million and 3,765 BTC which have a market value of approximately $230 million."

131.    Defendant denies the allegations in paragraph 131 of the Complaint.

132.    Defendant denies the allegations in paragraph 132 of the Complaint.

133.    Defendant denies the allegations in paragraph 133 of the Complaint.

134.    Defendant denies the allegations in paragraph 134 of the Complaint, and refers the Court to the terms of the loans and denies anything inconsistent therewith.

135.    Defendant denies the allegations in paragraph 135 of the Complaint, and refers the Court to the December 13, 2022 Order and denies anything inconsistent therewith.

136.    Defendant denies the allegations in paragraph 136 of the Complaint.

137.    Defendant denies the allegation in paragraph 137 of the Complaint.

138.    Defendant denies the allegations in paragraph 138 of the Complaint, and refers the Court to the notification from the Texas State Securities Board and denies anything inconsistent therewith.

139.    Defendant denies the allegations in paragraph 139 of the Complaint, except Defendant lacks knowledge or information sufficient to form a belief as to the period of time when Jeremie Beaudry left Celsius.

140.    Defendant denies the allegations in paragraph 140 of the Complaint, except refers the Court to the communication sent by the New Jersey Bureau of Securities referenced in the paragraph and denies anything inconsistent therewith.

141.    Defendant denies the allegations in paragraph 141 of the Complaint.

142.    Defendant denies the allegations in paragraph 142 of the Complaint, except admits that during a portion of the company's existence "Celsius's derivatives (or CeFi) desk was led by Mr. Treutler."

143.    Defendant denies the allegations in paragraph 143 of the Complaint.

144.    Defendant denies the allegations in paragraph 144 of the Complaint, and refers the Court to any minutes or records of the Executive Committee meeting and denies anything inconsistent therewith; Defendant further lacks knowledge or information sufficient to form a belief as to the truth of the allegations that "[b]etween January 20 to January 23, the price of BTC dropped precipitously from approximately $42,500 to $33,500."

145.    Defendant denies the allegations in paragraph 145 of the Complaint, except Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations that "[o]n January 21, 2022, the CEO of Celsius Mining, Amir Ayalon, also informed the risk department that he had been relying on January 1, 2022 Bitcoin prices and Celsius's future Bitcoin production was unhedged."

146.    Defendant denies the allegations in paragraph 146 of the Complaint.

147.    Defendant denies the allegations in paragraph 147 of the Complaint except admits the risk and audit department analyzed the events of January 2022 and Defendant lacks knowledge or information sufficient to form a belief as to the findings of the analyses.

148.    Defendant denies the allegations in paragraph 148 of the Complaint.

149.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149 of the Complaint. Defendant denies the allegations in paragraph 149 of the Complaint.

150.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150 of the Complaint.

151.    Defendant denies the allegations in paragraph 151 of the Complaint, and Defendant refers the Court to the New Jersey Order cited in the paragraph and denies anything inconsistent therewith.

152.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152 of the Complaint.

153.    Defendant denies the allegations in paragraph 153 of the Complaint, except admits, "[o]n May 2 and 3, 2022, Celsius Network Limited held a two-day board meeting."

154.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154 of the Complaint.

155.    Defendant denies the allegations in paragraph 155 of the Complaint, and Defendant refers the Court to the public statements and tweets made by Defendant cited in the paragraph and denies anything inconsistent therewith; Defendant further lacks knowledge or information sufficient to form a belief as to the allegations concerning Mr. Goldstein.

156.    Defendant denies the allegations in paragraph 156 of the Complaint.

157.    Defendant denies the allegations in paragraph 157 of the Complaint.

158.    Defendant denies the allegations in paragraph 158 of the Complaint, except Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the risk team said it was "'only buying [Celsius] time.'"

159.    Defendant denies the allegations in paragraph 159 of the Complaint.

160.    Defendant denies the allegations in paragraph 160 of the Complaint, except Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

20

allegation that "Ms. Denizkurdu asked Mr. Bolger, 'why aren't we talking about the elephant in the room. Survival? Liquidity. How many days we have left. at what price do we go bust . . .'"

161.    Defendant denies the allegations in paragraph 161 of the Complaint.

162.    Defendant denies the allegations in paragraph 162 of the Complaint, except Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations that "[o]n May 27, 2022, Celsius triggered the reduced liquidity stress test introduced weeks before."

163.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 163 of the Complaint.

164.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 164 of the Complaint.

165.    Defendant denies the allegations in paragraph 165 of the Complaint, except refers the Court to the videos cited in the paragraph for statements allegedly made by Defendant and denies anything inconsistent therewith.

166.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 166 of the Complaint.

167.    Defendant denies the allegations in paragraph 167 of the Complaint, except refers the Court to the videos cited in the paragraph for statements made by Defendant and denies anything inconsistent therewith.

168.    Defendant admits that Celsius paused all withdrawals from the platform on June 12, 2022.

169.    Defendant denies the allegations in paragraph 169 of the Complaint.

170.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 170 of the Complaint.

171.    Defendant admits the allegations in paragraph 171 of the Complaint, refers the Court to documents filed by the Debtors in Bankruptcy Court, and denies anything inconsistent therewith, except Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the GK8 Debtors.

172.    Defendant lacks knowledge or information sufficient to form belief as to the truth of the allegations in paragraph 172 of the Complaint as they relate to Mr. Cohen-Pavon and Defendant admits that Defendant was indicted and refers the Court to the indictment and denies anything inconsistent therewith.

173.    Defendant refers the Court to the Securities and Exchange Commission complaint and Commodity Futures Trading Commission complaint and denies anything inconsistent therewith.

## <u>COUNT I</u>
**(Breach of Fiduciary Duty — Defendants Alexander Mashinsky, Shlomi Daniel Leon, Hanoch Goldstein, Roni Cohen-Pavon, Harumi Urata-Thompson, and Jeremie Beaudry)**

174.    Defendant repeats and realleges each and every response set forth above as if fully repeated and realleged herein.

175.    Defendant denies the allegations in paragraph 175 of the Complaint.

176.    Defendant denies the allegations in paragraph 176 of the Complaint, except admits Mr. Mashinsky was a director and officer of Celsius Network, Inc., Celsius Network Limited, and Celsius Network LLC, and Mr. Cohen-Pavon, Ms. Urata-Thompson, and Mr. Beaudry were officers Celsius Network, Inc., Celsius Network Limited, and Celsius Network LLC.

177. The allegations in paragraph 177 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 177 of the Complaint.

178. The allegations in paragraph 178 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 178 of the Complaint.

179. Defendant denies the allegations in paragraph 179 of the Complaint.

180. Defendant denies the allegations in paragraph 180 of the Complaint, except admits that "'Ask Mashinsky Anything' videos that were broadcast to the public;" Defendant further lacks knowledge or information as to the last sentence in the paragraph.

181. Defendant denies the allegations in paragraph 181 of the Complaint.

182. Defendant denies the allegations in paragraph 182 of the Complaint.

183. Defendant denies the allegations in paragraph 183 of the Complaint.

184. Defendant denies the allegations in paragraph 184 of the Complaint.

185. Defendant denies the allegations in paragraph 185 of the Complaint.

186. Defendant denies the allegations in paragraph 186 of the Complaint.

187. Defendant denies the allegations in paragraph 187 of the Complaint.

188. Defendant denies the allegations in paragraph 188 of the Complaint.

189. Defendant denies the allegations in paragraph 189 of the Complaint.

190. The allegations in paragraph 190 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 190.

## **COUNT II**

**(Breach of Fiduciary Duty of Loyalty — Purchase and Manipulation of CEL token — Defendants Alexander Mashinsky, Shlomi Daniel Leon, Hanoch Goldstein, Roni Cohen-Pavon, Jeremie Beaudry, Harumi Urata-Thompson, and Johannes Treutler)**

191.    Defendant repeats and realleges each and every response set forth above as if fully repeated and realleged herein.

192.    Defendant denies the allegations in paragraph 192 of the Complaint.

193.    Defendant denies the allegations in paragraph 193 of the Complaint, except admits that Defendant owned CEL tokens.

194.    Defendant denies the allegations in paragraph 194 of the Complaint, except admits Mr. Mashinsky and Mr. Leon were directors and officers of Celsius Network Inc., Mr. Mashinsky, Mr. Leon, Mr. Cohen Pavon, Mr. Beaudry, and Ms. Urata-Thompson were directors and officers of Celsius Network Limited and Celsius Network LLC, and Mr. Cohen-Pavon, Mr. Beaudry, and Ms. Urata-Thompson were officers and senior level employees of Celsius Network Inc., Celsius Network Limited, Celsius Network LLC.

195.    Defendant denies the allegations in paragraph 195 of the Complaint, The last two sentences of paragraph 195 of the Complaint state legal conclusions for which no response is required. To the extent a response is required as to the last two sentences of the Complaint, Defendant denies the allegations in paragraph 195 of the Complaint.

196.    The allegations in paragraph 196 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 196.

197.    The allegations in paragraph 197 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 197.

198.    Defendant denies the allegations in paragraph 198 of the Complaint.

199.    Defendant denies the allegations in paragraph 199 of the Complaint.

200.    Defendant denies the allegations in paragraph 200 of the Complaint.

201.    Defendant denies the allegations in paragraph 201 of the Complaint as to allegations made against Defendant and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.

202.    Defendant denies the allegations in paragraph 202 of the Complaint as to allegations made against Defendant and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.

203.    Defendant denies the allegations in paragraph 203 of the Complaint as to allegations made against Defendant and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.

204.    Defendant denies the allegations in paragraph 204 of the Complaint as to allegations made against Defendant and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.

205.    Defendant denies the allegations in paragraph 205 of the Complaint as to allegations regarding Defendant's actions. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Mr. Leon's, Mr. Cohen-Pavon's, Ms. Urata-Thompson's, and Mr. Treutler's actions. Defendant denies the remaining allegations in the paragraph.

206.    Defendant denies the allegations in paragraph 206 of the Complaint, and refers the Court to the Company's records for the trades and denies anything inconsistent therewith.

207.    The allegations in paragraph 207 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 207 of the Complaint.

208.    Defendant denies the allegations in paragraph 208 of the Complaint.

### COUNT III
**(Aiding and Abetting Breach of Fiduciary Duty of Loyalty — Purchase and Manipulation of CEL token — Defendant Johannes Treutler)**

209.    Defendant repeats and realleges each and every response set forth above as if fully repeated and realleged herein.

210.    The allegations in paragraph 210 of the Complaint are not directed at the Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 210 of the Complaint.

211.    The allegations in paragraph 211 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant denies the allegations in paragraph 211 of the Complaint, except lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "Mr. Treutler also understood the roles and duties of the Company's officers and directors."

212.    The allegations in paragraph 212 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant denies the allegations in paragraph 212 of the Complaint.

213.    The allegations in paragraph 213 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant denies the allegations in paragraph 213 of the Complaint.

214.    The allegations in paragraph 214 of the Complaint are not directed at Defendant
and no response is necessary. To the extent a response is required, Defendant denies the allegations
in paragraph 214 of the Complaint, except Defendant lacks knowledge or information sufficient
to form belief as to the truth of the allegations regarding Mr. Treutler's knowledge.

215.    The allegations in paragraph 215 of the Complaint are not directed at Defendant
and state legal conclusion for which no response is necessary. To the extent a response is required,
Defendant denies the allegations in paragraph 215 of the Complaint.

216.    The allegations in paragraph 216 of the Complaint are not directed at Defendant
and no response is necessary. To the extent a response is required, Defendant denies the allegations
in paragraph 216 of the Complaint.

217.    The allegations in paragraph 217 of the Complaint are not directed at Defendant
and no response is necessary. To the extent a response is required, Defendant denies the allegations
in paragraph 217 of the Complaint, except Defendant lacks knowledge or information sufficient
to form a belief as to the truth of the allegations regarding Mr. Treutler's understanding.

218.    The allegations in paragraph 218 of the Complaint are not directed at Defendant
and no response is necessary. To the extent a response is required, Defendant denies the allegations
in paragraph 218 of the Complaint.

### COUNT IV
**(Breach of Fiduciary Duty of Loyalty — KeyFi Purchase and Asset Deployment —
Defendants Alexander Mashinsky and Hanoch Goldstein)**

219.    Defendant repeats and realleges each and every response set forth above as if fully
repeated and realleged herein.

220.    Defendant denies the allegations in paragraph 220 of the Complaint.

221.    Defendant denies the allegations in paragraph 221 of the Complaint, except admits that "Mr. Mashinsky was a co-founder, director and officer of Celsius Network Inc., Celsius Network Limited, Celsius Network LLC, and certain of their affiliates,"  and Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they relate to Goldstein.

222.    The allegations in paragraph 222 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 222 of the Complaint.

223.    The allegations in paragraph 223 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 223 of the Complaint.

224.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 224 of the Complaint.

225.    Defendant denies the allegations in paragraph 225 of the Complaint.

226.    Defendant denies the allegations in paragraph 226 of the Complaint.

227.    Defendant denies the allegations in paragraph 227 of the Complaint.

228.    Defendant denies the allegations in paragraph 228 of the Complaint.

229.    Defendant denies the allegations in paragraph 229 of the Complaint.

230.    Defendant denies the allegations in paragraph 230 of the Complaint.

231.    The allegations in paragraph 231 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 231 of the Complaint.

232.     The allegations in paragraph 232 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 232 of the Complaint.

## COUNT V
**(Breach of Fiduciary Duty of Loyalty — Execution of AMV Loan — Defendants Alexander Mashinsky, Shlomi Daniel Leon, Hanoch Goldstein, Jeremie Beaudry, Harumi Urata- Thompson, and Roni Cohen-Pavon)**

233.     Defendant repeats and realleges each and every response set forth above as if fully repeated and realleged herein.

234.     Defendant denies the allegations in paragraph 234 of the Complaint.

235.     Defendant denies the allegations in paragraph 235 of the Complaint, except admits that Mr. Mashinsky and Mr. Leon were directors and officers of Celsius Network Inc., Mr. Mashinsky, Mr. Leon, Mr. Cohen Pavon, Mr. Beaudry, and Ms. Urata-Thompson were directors and officers of Celsius Network Limited and Celsius Network LLC, and Mr. Cohen-Pavon, Mr. Beaudry, and Ms. Urata-Thompson were officers and senior level employees of Celsius Network Inc., Celsius Network Limited, Celsius Network LLC.

236.     The allegations in paragraph 236 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 236 of the Complaint.

237.     The allegations in paragraph 237 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 237 of the Complaint.

238.     Defendant denies the allegations in paragraph 238 of the Complaint, except, Defendant refers the Court to the Token Sale Agreement referenced in the paragraph and denies anything inconsistent therewith.

29

239.    Defendant denies the allegations in paragraph 239 of the Complaint.

240.    Defendant denies the allegations in paragraph 240 of the Complaint.

241.    Defendant denies the allegations in paragraph 241 of the Complaint.

242.    Defendant denies the allegations in paragraph 242 of the Complaint.

243.    Defendant denies the allegations in paragraph 243 of the Complaint.

244.    The allegations in paragraph 244 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 244 of the Complaint.

### COUNT VI
**Breach of Director's Duties — Duty to Exercise Independent Judgment (English Law) — Defendants Shlomi Daniel Leon, Hanoch Goldstein, Roni Cohen-Pavon, Harumi Urata-Thompson, and Jeremie Beaudry)**

245.    Defendant repeats and realleges each and every response set forth above as if fully repeated and realleged herein.

246.    The allegations in paragraph 246 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant denies the allegations in paragraph 246 of the Complaint, except admits that Mr. Leon was an director and officer of Celsius Network Limited and Mr. Leon was a director and officer of Celsius Network Limited, and, Mr. Cohen-Pavon, Ms. Urata-Thompson, and Mr. Beaudry were officers of Celsius Network Limited.

247.    The allegations in paragraph 247 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant denies the allegations in paragraph 247 of the Complaint.

248.     The allegations in paragraph 248 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant denies the allegations in paragraph 248 of the Complaint.

249.     The allegations in paragraph 249 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant denies the allegations in paragraph 249 of the Complaint.

250.     The allegations in paragraph 250 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant denies the allegations in paragraph 250 of the Complaint.

251.     The allegations in paragraph 251 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant denies the allegations in paragraph 251 of the Complaint.

252.     The allegations in paragraph 252 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant denies the allegations in paragraph 252 of the Complaint.

253.     The allegations in paragraph 253 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant denies the allegations in paragraph 253 of the Complaint.

254.     The allegations in paragraph 254 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant denies the allegations in paragraph 254 of the Complaint.

255.    The allegations in paragraph 255 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant denies the allegations in paragraph 255 of the Complaint.

256.    The allegations in paragraph 256 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant denies the allegations in paragraph 256 of the Complaint.

## COUNT VII
**(Breach of Fiduciary Duty — Duty to Avoid Conflicts of Interest (English Law) — Defendants Alexander Mashinsky, Shlomi Daniel Leon, Hanoch Goldstein, Roni Cohen-Pavon, Jeremie Beaudry, Harumi Urata-Thompson, and Johannes Treutler**

257.    Defendant repeats and realleges each and every response set forth above as if fully repeated and realleged herein.

258.    Defendant denies the allegations in paragraph 258 of the Complaint, except admits that Mr. Cohen-Pavon, Ms. Urata-Thompson, and Mr. Beaudry were officers of Celsius Network Limited.

259.    Defendant denies the allegations in paragraph 259 of the Complaint.

260.    The allegations in paragraph 260 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 260 of the Complaint.

261.    Defendant denies the allegations in paragraph 261 of Complaint.

262.    Defendant denies the allegations in paragraph 262 of the Complaint except admits that Defendant owned CEL tokens.

263.    The allegations in paragraph 263 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 263 of the Complaint.

264.     The allegations in paragraph 264 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 264 of the Complaint.

265.     Defendant denies the allegations in paragraph 265 of the Complaint as they relate to Defendant and lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they relate to the remaining Defendants.

266.     The allegations in paragraph 266 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 266 of the Complaint.

## COUNT VIII
**(Fraudulent Misrepresentation – Defendants Alexander Mashinsky, Shlomi Daniel Leon, Hanoch Goldstein, and Harumi Urata-Thompson)**

267.     Defendant repeats and realleges each and every response set forth above as if fully repeated and realleged herein.

268.     The allegations in paragraph 268 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the trust of the allegations in paragraph 268 of the Complaint.

269.     Defendant denies the allegations in paragraph 269 of the Complaint as they relate to Defendant, except that Defendant refers the Court to his guilty plea allocution in *United States v. Mashinsky*, 23 Cr. 347 (JGK) (S.D.N.Y. Dec. 3, 2024) and denies anything inconsistent therewith,  and Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they relate to Leon, Goldstein, and Urata-Thompson.

270.    Defendant denies the allegations in paragraph 270 of the Complaint as they relate to Defendant and lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they relate to Leon, Goldstein, and Urata-Thompson.

271.    Defendant denies the allegations in paragraph 271 of the Complaint as they relate to Defendant and lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they relate to Leon, Goldstein, and Urata-Thompson.

272.    Defendant denies the allegations in paragraph 272 of the Complaint as they relate to Defendant and lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they relate to Leon, Goldstein, and Urata-Thompson.

273.    Defendant denies the allegations in paragraph 273 of the Complaint as they relate to Defendant and lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they relate to Leon, Goldstein, and Urata-Thompson.

274.    Defendant denies the allegations in paragraph 274 of the Complaint, except Defendant lacks knowledge or information sufficient to form belief as to the truth of the allegations regarding customers' knowledge.

275.    Defendant denies the allegations in paragraph 275 of the Complaint as they relate to Defendant and lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they relate to Leon, Goldstein, and Urata-Thompson.

276.    The allegations in paragraph 276 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 276 of the Complaint.

277.    Defendant denies the allegations in paragraph 277 of the Complaint as they relate to Defendant, except that Defendant refers the Court to his guilty plea allocution in *United States*

*v. Mashinsky*, 23 Cr. 347 (JGK) (S.D.N.Y. Dec. 3, 2024) and denies anything inconsistent

therewith,  and Defendant and lacks knowledge and information sufficient to form a belief as to

the truth of the allegations as they relate to Leon, Goldstein, and Urata-Thompson.

### COUNT IX
**(Conspiracy to Fraudulently Misrepresent – Defendants Alexander Mashinsky, Shlomi Daniel Leon, Hanoch Goldstein, Harumi Urata-Thompson, Jeremie Beaudry, Roni Cohen-Pavon, Johannes Treutler)**

278.     Defendant repeats and realleges each and every response set forth above as if fully

repeated and realleged herein.

279.     Defendant denies the allegations in paragraph 279 of the Complaint as they relate

to Defendant and lacks knowledge and information sufficient to form a belief as to the truth of the

allegations as they relate to Leon, Goldstein, Urata-Thompson, Beaudry, Cohen-Pavon, and

Treutler.

280.     Defendant denies the allegations in paragraph 280 of the Complaint as they relate

to Defendant and lacks knowledge and information sufficient to form a belief as to the truth of the

allegations as they relate to Leon, Goldstein, Urata-Thompson, Beaudry, Cohen-Pavon, and

Treutler.

281.     Defendant denies the allegations in paragraph 281 of the Complaint as they relate

to Defendant and lacks knowledge and information sufficient to form a belief as to the truth of the

allegations as they relate to Leon, Goldstein, Urata-Thompson, Beaudry, Cohen-Pavon, and

Treutler.

282.     Defendant denies the allegations in paragraph 282 of the Complaint as they relate

to Defendant and lacks knowledge and information sufficient to form a belief as to the truth of the

allegations as they relate to Leon, Goldstein, Urata-Thompson, Beaudry, Cohen-Pavon, and

Treutler.

283.    Defendant denies the allegations in paragraph 283 of the Complaint, except Defendant lacks knowledge or information sufficient to form belief as to the truth of the allegations regarding customers' knowledge.

284.    Defendant denies the allegations in paragraph 284 of the Complaint as they relate to Defendant and lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they relate to Leon, Goldstein, Urata-Thompson, Beaudry, Cohen-Pavon, and Treutler.

## COUNT X

**(Violation of New York Deceptive Practices Act (N.Y. Gen. Bus. Law § 349(a) – Defendants Alexander Mashinsky, Shlomi Daniel Leon, Hanoch Goldstein, Roni Cohen-Pavon, Jeremie Beaudry, and Harumi Urata-Thompson)**

285.    Defendant repeats and realleges each and every response set forth above as if fully repeated and realleged herein.

286.    The allegations in paragraph 286 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 286 of the Complaint.

287.    The allegations in paragraph 287 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 287 of the Complaint.

288.    The allegations in paragraph 288 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 288 of the Complaint.

289.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 289 of the Complaint related to Leon, Goldstein, Cohen-Pavon,

Beaudry, and Urata-Thompson, admits the allegations that Defendant conducted or directed his business in the State of New York, and the remaining allegations in paragraph 289 of the Complaint state legal conclusions for which no response is required.

290.     The allegations in paragraph 290 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 290 as to Defendant, and denies knowledge and information sufficient to form a belief as to the remaining allegations against Leon, Goldstein, Cohen-Pavon, Beaudry and Urata-Thompson. .

291.     The allegations in paragraph 291 of the Complaint state legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 291 as they relate to Defendant and lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they relate to Leon, Goldstein, Cohen-Pavon, Beaudry, and Urata-Thompson

292.     The allegations in paragraph 292 of the Complaint state legal conclusion for which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph.

293.     Defendant denies the allegations in paragraph 293 of the Complaint as they relate to Defendant, except that Defendant refers the Court to his guilty plea allocution in *United States v. Mashinsky*, 23 Cr. 347 (JGK) (S.D.N.Y. Dec. 3, 2024) and denies anything inconsistent therewith,  and Defendant and lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they relate to Leon, Goldstein, and Urata-Thompson.

294.    Defendant denies the allegations in paragraph 294 of the Complaint as they relate to Defendant and lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they relate to Leon, Goldstein, Cohen-Pavon, Beaudry, and Urata-Thompson.

295.    Defendant denies the allegations in paragraph 295 of the Complaint as they relate to Defendant and lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they relate to the remaining Defendants.

296.    Defendant denies the allegations in paragraph 296 of the Complaint, except Defendant lacks knowledge or information sufficient to form belief as to the truth of the allegations regarding customers' knowledge.

297.    Defendant denies the allegations in paragraph 297 of the Complaint as they relate to Defendant and lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they relate to Leon, Goldstein, Cohen-Pavon, Beaudry, and Urata-Thompson.

298.    Defendant denies the allegations in paragraph 298 of the Complaint, except Defendant lacks knowledge or information sufficient to form belief as to the truth of the allegations regarding customers' reliance.

299.    The allegations in paragraph 299 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 299 of the Complaint.

## COUNT XI
### (Violation of New York False Advertising Law (N.Y. Gen. Bus. Law § 350 – Defendants Alexander Mashinsky, Shlomi Daniel Leon, Hanoch Goldstein, Roni Cohen-Pavon, Jeremie Beaudry, and Harumi Urata-Thompson)

300.    Defendant repeats and realleges each and every response set forth above as if fully repeated and realleged herein.

301.    The allegations in paragraph 301 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 301 of the Complaint.

302.    The allegations in paragraph 302 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 302 of the Complaint.

303.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 303 of the Complaint related to Leon, Goldstein, Cohen-Pavon, Beaudry, and Urata-Thompson, admits the allegations that Defendant conducted or directed his business in the State of New York, and the remaining allegations in paragraph 303 of the Complaint state legal conclusions for which no response is required; to the extent a response is required, Defendant denies those remaining allegations in paragraph 303 of the Complaint

304.    Defendant denies the allegations in paragraph 304 of the Complaint as they relate to Defendant and lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they relate to Leon, Goldstein, Cohen-Pavon, Beaudry, and Urata-Thompson.

305.    The allegations in paragraph 305 of the Complaint state legal conclusion for which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph.

306.    Defendant denies the allegations in paragraph 306 of the Complaint as they relate to Defendant, except that Defendant refers the Court to his guilty plea allocution in *United States v. Mashinsky*, 23 Cr. 347 (JGK) (S.D.N.Y. Dec. 3, 2024) and denies anything inconsistent therewith, and Defendant and lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they relate to Leon, Goldstein, and Urata-Thompson.

39

307.    Defendant denies the allegations in paragraph 307 of the Complaint as they relate to Defendant and lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they relate to Leon, Goldstein, Cohen-Pavon, Beaudry, and Urata-Thompson.

308.    Defendant denies the allegations in paragraph 308 of the Complaint, except Defendant lacks knowledge or information sufficient to form belief as to the truth of the allegations regarding customers' knowledge.

309.    Defendant denies the allegations in paragraph 309 of the Complaint as they relate to Defendant and lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they relate to Leon, Goldstein, Cohen-Pavon, Beaudry, and Urata-Thompson.

310.    The allegations in paragraph 310 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 310 of the Complaint as they relate to Defendant and lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they relate to Leon, Goldstein, Cohen-Pavon, Beaudry, and Urata-Thompson.

311.    The allegations in paragraph 311 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 311 of the Complaint.

## COUNT XII

**(Violation of New Jersey Consumer Fraud Act (N.J. Stat. Ann. § 56:8-1, et seq.) – Defendants Alexander Mashinsky, Shlomi Daniel Leon, Hanoch Goldstein, Roni Cohen-Pavon, Jeremie Beaudry, and Harumi Urata-Thompson)**

312.    Defendant repeats and realleges each and every response set forth above as if fully repeated and realleged herein.

313.    The allegations in paragraph 313 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 313 of the Complaint.

314.    Defendant denies the allegations in paragraph 314 of the Complaint.

315.    Defendant denies the allegations in paragraph 315 of the Complaint as they relate to Defendant and lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they relate to Leon, Goldstein, Cohen-Pavon, Beaudry, and Urata-Thompson.

316.    Defendant denies the allegations in paragraph 316 of the Complaint.

317.    Defendant denies the allegations in paragraph 317 of the Complaint as they relate to Defendant, except that Defendant refers the Court to his guilty plea allocution in *United States v. Mashinsky*, 23 Cr. 347 (JGK) (S.D.N.Y. Dec. 3, 2024) and denies anything inconsistent therewith,  and Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they relate to Leon, Goldstein, Cohen-Pavon, Beaudry, and Urata-Thompson.

318.    Defendant denies the allegations in paragraph 318 of the Complaint as they relate to Defendant and lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they relate to Leon, Goldstein, and Urata-Thompson.

319.    Defendant denies the allegations in paragraph 319 of the Complaint, except Defendant lacks knowledge or information sufficient to form belief as to the truth of the allegations regarding customers' knowledge.

320.    Defendant denies the allegations in paragraph 320 of the Complaint.

321.    The allegations in paragraph 321 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in

paragraph 321 of the Complaint as they relate to Defendant; Defendant further lacks knowledge

and information sufficient to form a belief as to the truth of the allegations as they relate to Leon,

Goldstein, Cohen-Pavon, Beaudry, and Urata-Thompson.

322.     The allegations in paragraph 322 of the Complaint state legal conclusions for which

no response is required. To the extent a response is required, Defendant denies the allegations in

paragraph 322 of the Complaint.

### COUNT XIII

**(Avoidance and Recovery of Preferential Transfers — 11 U.S.C. §§ 547(b); 550 —
Defendants Alexander Mashinsky, Shlomi Daniel Leon, Hanoch Goldstein, Jeremie
Beaudry, Roni Cohen-Pavon, Harumi Urata-Thompson, Aliza Landes, Kristine Meehan
Mashinsky, AM Ventures Holding LLC, Koala1 LLC, Bits of Sunshine LLC, and Four
Thirteen LLC)**

323.     Defendant repeats and realleges each and every response set forth above as if fully

repeated and realleged herein.

324.     The allegations in paragraph 324 of the Complaint state legal conclusions for which

no response is required. To the extent a response is required, Defendant denies the allegations in

paragraph 324.

325.     The allegations in paragraph 325 of the Complaint state legal conclusions for which

no response is required. To the extent a response is required, Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 325.

326.     The allegations in paragraph 326 of the Complaint state legal conclusions for which

no response is required. To the extent a response is required, Defendant lacks knowledge of

information sufficient to form a belief as to the truth of the allegations in paragraph 326.

327.    The allegations in paragraph 327 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 327.

328.    The allegations in paragraph 328 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 328.

329.    The allegations in paragraph 329 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 329.

330.    The allegations in paragraph 330 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 330.

331.    The allegations in paragraph 331 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 331 of the Complaint, except admits that Defendant, Leon, Beaudry, Cohen-Pavon, Urata-Thompson were directors or officers of the Debtors.

332.    The allegations in paragraph 332 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 332 of the Complaint.

333.    The allegations in paragraph 333 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 333 of the Complaint.

334.    The allegations in paragraph 334 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 334 of the Complaint.

335.    The allegations in paragraph 335 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 335 of the Complaint.

336.    The allegations in paragraph 336 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 336 of the Complaint.

337.    The allegations in paragraph 337 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 337 of the Complaint.

338.    The allegations in paragraph 338 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 338 of the Complaint.

## <u>COUNT XIV</u>
**(Avoidance and Recovery of Actual Fraudulent Transfers — 11 U.S.C. §§ 544(b); 548(a)(1)(A); 550; and Applicable Law (including, but not limited, to the Uniform Fraudulent Transfer Act as enacted in the states of New York, New Jersey, and Delaware) — Defendant Alexander Mashinsky)**

339.    Defendant repeats and realleges each and every response set forth above as if fully repeated and realleged herein.

340.    The allegations in paragraph 340 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 340 of the Complaint.

341.     Defendant denies the allegations in paragraph 341 of the Complaint.

342.     The allegations in paragraph 342 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 342 of the Complaint.

343.     Defendant denies the allegation in paragraph 343 of the Complaint.

344.     Defendant denies the allegation in paragraph 344 of the Complaint.

345.     Defendant denies the allegation in paragraph 345 of the Complaint.

346.     The allegations in paragraph 346 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 346 of the Complaint.

347.     The allegations in paragraph 347 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 347 of the Complaint.

348.     The allegations in paragraph 348 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 348 of the Complaint.

349.     Defendant denies the allegations in paragraph 349 of the Complaint.

350.     The allegations in paragraph 350 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 350 of the Complaint.

## COUNT XV

**(Avoidance and Recovery of Actual Fraudulent Transfers — 11 U.S.C. §§ 544(b); 548(a)(1)(A); 550; and Applicable Law (including, but not limited, to the Uniform Fraudulent Transfer Act as enacted in the states of New York, New Jersey, and Delaware) — Defendant Shlomi Daniel Leon)**

45

351.    Defendant repeats and realleges each and every response set forth above as if fully repeated and realleged herein.

352.    The allegations in paragraph 352 of the Complaint are not directed at Defendant and state legal conclusion for which no response is necessary. To the extent a response is required, Defendant denies the allegations in paragraph 352 of the Complaint.

353.    The allegations in paragraph 353 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 353 of the Complaint.

354.    The allegations in paragraph 354 of the Complaint are not directed at Defendant and state legal conclusion for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 354 of the Complaint.

355.    The allegations in paragraph 355 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 355 of the Complaint.

356.    The allegations in paragraph 356 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 356 of the Complaint.

357.    The allegations in paragraph 357 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 357 of the Complaint.

358.    The allegations in paragraph 358 of the Complaint are not directed at Defendant and state legal conclusion for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 358 of the Complaint.

359.    The allegations in paragraph 359 of the Complaint are not directed at Defendant and state legal conclusion for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 359 of the Complaint.

360.    The allegations in paragraph 360 of the Complaint are not directed at Defendant and state legal conclusion for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 360 of the Complaint.

361.    The allegations in paragraph 361 of the Complaint are not directed at Defendant and state legal conclusion for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 361 of the Complaint.

362.    The allegations in paragraph 362 of the Complaint are not directed at Defendant and state legal conclusion for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 362 of the Complaint.

## **COUNT XVI**
**(Avoidance and Recovery of Actual Fraudulent Transfers — 11 U.S.C. §§ 544(b);**

**548(a)(1)(A); 550; and Applicable Law (including, but not limited, to the Uniform
Fraudulent Transfer Act as enacted in the states of New York, New Jersey, and Delaware)
— Defendant Hanoch Goldstein)**

363.     Defendant repeats and realleges each and every response set forth above as if fully
repeated and realleged herein.

364.     The allegations in paragraph 364 of the Complaint are not directed at Defendant
and state legal conclusion for which no response is necessary. To the extent a response is required,
Defendant lacks knowledge or information sufficient to form a belief as to the truth of the
allegations in paragraph 364 of the Complaint.

365.     The allegations in paragraph 365 of the Complaint are not directed at Defendant
and no response is necessary. To the extent a response is required, Defendant lacks knowledge or
information sufficient to form a belief as to the truth of the allegations in paragraph 365 of the
Complaint.

366.     The allegations in paragraph 366 of the Complaint are not directed at Defendant
and state legal conclusion for which no response is necessary. To the extent a response is required,
Defendant lacks knowledge or information sufficient to form a belief as to the truth of the
allegations in paragraph 366 of the Complaint.

367.     The allegations in paragraph 367 of the Complaint are not directed at Defendant
and no response is necessary. To the extent a response is required, Defendant lacks knowledge or
information sufficient to form a belief as to the truth of the allegations in paragraph 367 of the
Complaint.

368.     The allegations in paragraph 368 of the Complaint are not directed at Defendant
and no response is necessary. To the extent a response is required, Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 368 of the Complaint.

369.    The allegations in paragraph 369 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 369 of the Complaint.

370.    The allegations in paragraph 370 of the Complaint are not directed at Defendant and state legal conclusion for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 370 of the Complaint.

371.    The allegations in paragraph 371 of the Complaint are not directed at Defendant and state legal conclusion for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 371 of the Complaint.

372.    The allegations in paragraph 372 of the Complaint are not directed at Defendant and state legal conclusion for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 372 of the Complaint.

373.    The allegations in paragraph 373 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 373 of the Complaint.

374.    The allegations in paragraph 374 of the Complaint are not directed at Defendant

and state legal conclusion for which no response is necessary. To the extent a response is required,

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 374 of the Complaint.

## COUNT XVII

**(Avoidance and Recovery of Constructive Fraudulent Transfers — 11 U.S.C. §§ 544(b);
548(a)(1)(B); 550; and Applicable Law (including, but not limited, to the Uniform
Fraudulent Transfer Act as enacted in the states of New York, New Jersey, and Delaware)
— Defendant Hanoch Goldstein)**

375.    Defendant repeats and realleges each and every response set forth above as if fully

repeated and realleged herein.

376.    The allegations in paragraph 376 of the Complaint are not directed at Defendant

and state legal conclusion for which no response is necessary. To the extent a response is required,

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 376 of the Complaint.

377.    The allegations in paragraph 377 of the Complaint are not directed at Defendant

and no response is necessary. To the extent a response is required, Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 377 of the

Complaint.

378.    The allegations in paragraph 378 of the Complaint are not directed at Defendant

and no response is necessary. To the extent a response is required, Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 378 of the

Complaint.

379.    The allegations in paragraph 379 of the Complaint are not directed at Defendant

and no response is necessary. To the extent a response is required, Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 379 of the Complaint.

380.    The allegations in paragraph 380 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 380 of the Complaint.

381.    The allegations in paragraph 381 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 381 of the Complaint.

382.    The allegations in paragraph 382 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 382 of the Complaint.

383.    The allegations in paragraph 383 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 383 of the Complaint.

384.    The allegations in paragraph 384 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 384 of the Complaint.

385.    The allegations in paragraph 385 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 385 of the Complaint.

386.    The allegations in paragraph 386 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 386 of the Complaint.

**COUNT XVIII**
**(Breach of Contract — Failure to Repay Loan — Defendant Hanoch Goldstein)**

387.    Defendant repeats and realleges each and every response set forth above as if fully repeated and realleged herein.

388.    The allegations in paragraph 388 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 388 of the Complaint.

389.    The allegations in paragraph 389 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 389 of the Complaint.

390.    The allegations in paragraph 390 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 390 of the Complaint.

391.    The allegations in paragraph 391 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 391 of the Complaint.

392.    The allegations in paragraph 392 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 392 of the Complaint.

393.    The allegations in paragraph 393 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 393 of the Complaint.

## COUNT XIX
**(Avoidance and Recovery of Actual Fraudulent Transfers — 11 U.S.C. §§ 544(b); 548(a)(1)(A); 550; and Applicable Law (including, but not limited, to the Uniform Fraudulent Transfer Act as enacted in the states of New York, New Jersey, and Delaware) — Defendant Jeremie Beaudry)**

394.    Defendant repeats and realleges each and every response set forth above as if fully repeated and realleged herein.

395.    The allegations in paragraph 395 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 395 of the Complaint.

396.    The allegations in paragraph 396 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 396 of the Complaint.

397.    The allegations in paragraph 397 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 397 of the Complaint.

398.    The allegations in paragraph 398 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 398 of the Complaint.

399.    The allegations in paragraph 399 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 399 of the Complaint.

400.    The allegations in paragraph 400 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 400 of the Complaint.

401.    The allegations in paragraph 401 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required,

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 401 of the Complaint.

402.    The allegations in paragraph 402 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 402 of the Complaint.

403.    The allegations in paragraph 403 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 403 of the Complaint.

404.    The allegations in paragraph 404 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 404 of the Complaint.

405.    The allegations in paragraph 405 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 405 of the Complaint.

## COUNT XX
**(Avoidance and Recovery of Actual Fraudulent Transfers — 11 U.S.C. §§ 544(b); 548(a)(1)(A); 550; and Applicable Law (including, but not limited, to the Uniform Fraudulent Transfer Act as enacted in the states of New York, New Jersey, and Delaware) — Defendant Roni Cohen-Pavon)**

406.    Defendant repeats and realleges each and every response set forth above as if fully repeated and realleged herein.

407.    The allegations in paragraph 407 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 407 of the Complaint.

408.    The allegations in paragraph 408 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 408 of the Complaint.

409.    The allegations in paragraph 409 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 409 of the Complaint.

410.    The allegations in paragraph 410 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 410 of the Complaint.

411.    The allegations in paragraph 411 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 411 of the Complaint.

412.    The allegations in paragraph 412 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 412 of the Complaint.

413.    The allegations in paragraph 413 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 413 of the Complaint.

414.    The allegations in paragraph 414 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 414 of the Complaint.

415.    The allegations in paragraph 415 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 415 of the Complaint.

416.    The allegations in paragraph 416 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 416 of the Complaint.

417.    The allegations in paragraph 417 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 417 of the Complaint.

## **COUNT XXI**

**(Avoidance and Recovery of Actual Fraudulent Transfers — 11 U.S.C. §§ 544(b); 548(a)(1)(A); 550; and Applicable Law (including, but not limited, to the Uniform Fraudulent Transfer Act as enacted in the states of New York, New Jersey, and Delaware) — Defendant Harumi Urata-Thompson)**

418.    Defendant repeats and realleges each and every response set forth above as if fully repeated and realleged herein.

419.    The allegations in paragraph 419 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 419 of the Complaint.

420.    The allegations in paragraph 420 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 420 of the Complaint.

421.    The allegations in paragraph 421 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 421 of the Complaint.

422.    The allegations in paragraph 422 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 422 of the Complaint.

423.    The allegations in paragraph 423 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 423 of the Complaint.

424.    The allegations in paragraph 424 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 424 of the Complaint.

425.    The allegations in paragraph 425 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 425 of the Complaint.

426.    The allegations in paragraph 426 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 426 of the Complaint.

427.    The allegations in paragraph 427 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 427 of the Complaint.

428.    The allegations in paragraph 428 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 428 of the Complaint.

429.     The allegations in paragraph 429 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 429 of the Complaint.

## COUNT XXII

**(Avoidance and Recovery of Actual Fraudulent Transfers — 11 U.S.C. §§ 544(b); 548(a)(1)(A); 550; and Applicable Law (including, but not limited, to the Uniform Fraudulent Transfer Act as enacted in the states of New York, New Jersey, and Delaware) — Defendant Aliza Landes)**

430.     Defendant repeats and realleges each and every response set forth above as if fully repeated and realleged herein.

431.     The allegations in paragraph 431 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 431 of the Complaint.

432.     The allegations in paragraph 432 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 432 of the Complaint.

433.     The allegations in paragraph 433 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 433 of the Complaint.

434.     The allegations in paragraph 434 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required,

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 434 of the Complaint.

435.    The allegations in paragraph 435 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 435 of the Complaint.

436.    The allegations in paragraph 436 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 436 of the Complaint.

437.    The allegations in paragraph 437 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 437 of the Complaint.

438.    The allegations in paragraph 438 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 438 of the Complaint.

439.    The allegations in paragraph 439 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 439 of the Complaint.

440.    The allegations in paragraph 440 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 440 of the Complaint.

441.    The allegations in paragraph 441 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 441 of the Complaint.

## COUNT XXIII

**(Avoidance and Recovery of Actual Fraudulent Transfers — 11 U.S.C. §§ 544(b); 548(a)(1)(A); 550; and Applicable Law (including, but not limited, to the Uniform Fraudulent Transfer Act as enacted in the states of New York, New Jersey, and Delaware) — Defendant Kristine Meehan Mashinsky)**

442.    Defendant repeats and realleges each and every response set forth above as if fully repeated and realleged herein.

443.    The allegations in paragraph 443 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 443 of the Complaint.

444.    The allegations in paragraph 444 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 444 of the Complaint.

445.    The allegations in paragraph 445 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required,

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 445 of the Complaint.

446.    The allegations in paragraph 446 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 446 of the Complaint.

447.    The allegations in paragraph 447 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 447 of the Complaint.

448.    The allegations in paragraph 448 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 448 of the Complaint, except admits that Kristine Meehan is Defendant's wife.

449.    The allegations in paragraph 449 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 449 of the Complaint.

450.    The allegations in paragraph 450 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 450 of the Complaint.

451.     The allegations in paragraph 451 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 451 of the Complaint.

452.     The allegations in paragraph 452 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 452 of the Complaint.

453.     The allegations in paragraph 453 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 453 of the Complaint.

454.     The allegations in paragraph 454 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 454 of the Complaint.

**COUNT XXIV**
**(Avoidance and Recovery of Actual Fraudulent Transfers — 11 U.S.C. §§ 544(b);
548(a)(1)(A); 550; and Applicable Law (including, but not limited, to the Uniform
Fraudulent Transfer Act as enacted in the states of New York, New Jersey, and Delaware)
— Defendant AM Ventures Holding Inc.)**

455.     Defendant repeats and realleges each and every response set forth above as if fully repeated and realleged herein.

456.     The allegations in paragraph 456 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required,

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 456 of the Complaint.

457.    The allegations in paragraph 457 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 457 of the Complaint.

458.    The allegations in paragraph 458 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 458 of the Complaint.

459.    The allegations in paragraph 459 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 459 of the Complaint.

460.    The allegations in paragraph 460 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 460 of the Complaint.

461.    The allegations in paragraph 461 of the Complaint are not directed at Defendant and states legal conclusions for which no response is necessary. To the extent a response is required, Defendant denies the allegations in paragraph 461 of the Complaint.

462.    The allegations in paragraph 462 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant denies the allegations in paragraph 462 of the Complaint.

463.    The allegations in paragraph 463 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 463 of the Complaint.

464.    The allegations in paragraph 464 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 464 of the Complaint.

465.    The allegations in paragraph 465 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 465 of the Complaint.

466.    The allegations in paragraph 466 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 466 of the Complaint.

467.    The allegations in paragraph 467 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 467 of the Complaint.

## COUNT XXV

**(Avoidance and Recovery of Actual Fraudulent Transfers — 11 U.S.C. §§ 544(b); 548(a)(1)(A); 550; and Applicable Law (including, but not limited, to the Uniform Fraudulent Transfer Act as enacted in the states of New York, New Jersey, and Delaware) — Defendant Koala1 LLC)**

468.    Defendant repeats and realleges each and every response set forth above as if fully repeated and realleged herein.

469.    The allegations in paragraph 469 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 469 of the Complaint.

470.    The allegations in paragraph 470 of the Complaint are not directed at Defendant and no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 470 of the Complaint.

471.    The allegations in paragraph 471 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 471 of the Complaint.

472.    The allegations in paragraph 472 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 472 of the Complaint.

473.    The allegations in paragraph 473 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required,

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 473 of the Complaint.

474.    The allegations in paragraph 474 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 474 of the Complaint.

475.    The allegations in paragraph 475 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant denies the allegations in paragraph 475.

476.    The allegations in paragraph 476 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant denies the allegations in paragraph 476 of the Complaint.

477.    The allegations in paragraph 477 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 477 of the Complaint.

478.    The allegations in paragraph 478 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 478 of the Complaint.

479.    The allegations in paragraph 479 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required,

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 479 of the Complaint.

480.    The allegations in paragraph 480 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 480 of the Complaint.

## COUNT XXVI

**(Avoidance and Recovery of Actual Fraudulent Transfers — 11 U.S.C. §§ 544(b); 548(a)(1)(A); 550; and Applicable Law (including, but not limited, to the Uniform Fraudulent Transfer Act as enacted in the states of New York, New Jersey, and Delaware) — Defendant Alchemy Capital Partners, LP)**

481.    Defendant repeats and realleges each and every response set forth above as if fully repeated and realleged herein.

482.    The allegations in paragraph 482 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 482 of the Complaint.

483.    The allegations in paragraph 483 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 483 of the Complaint.

484.    The allegations in paragraph 484 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 484 of the Complaint.

485.     The allegations in paragraph 485 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 485 of the Complaint.

486.     The allegations in paragraph 486 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 486 of the Complaint.

487.     The allegations in paragraph 487 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 487 of the Complaint.

488.     The allegations in paragraph 488 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 488 of the Complaint.

489.     The allegations in paragraph 489 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 489 of the Complaint.

490.     The allegations in paragraph 490 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required,

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 490 of the Complaint.

491.    The allegations in paragraph 491 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 491 of the Complaint.

492.    The allegations in paragraph 492 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 492 of the Complaint.

## COUNT XXVII

**(Avoidance and Recovery of Constructive Fraudulent Transfers — 11 U.S.C. §544(b); 548(a)(1)(B); 550; and Applicable Law (including, but not limited, to the Uniform Fraudulent Transfer Act as enacted in the states of New York, New Jersey, and Delaware) — Defendant Alchemy Capital Partners, LP)**

493.    Defendant repeats and realleges each and every response set forth above as if fully repeated and realleged herein.

494.    The allegations in paragraph 494 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 494 of the Complaint.

495.    The allegations in paragraph 495 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 495 of the Complaint.

496.    The allegations in paragraph 496 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 496 of the Complaint.

497.    The allegations in paragraph 497 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 497 of the Complaint.

498.    The allegations in paragraph 498 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 498 of the Complaint.

499.    The allegations in paragraph 499 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 499 of the Complaint.

500.    The allegations in paragraph 500 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 500 of the Complaint.

501.    The allegations in paragraph 501 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required,

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 501 of the Complaint.

502.    The allegations in paragraph 502 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 502 of the Complaint.

503.    The allegations in paragraph 503 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 503 of the Complaint.

504.    The allegations in paragraph 504 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 504 of the Complaint.

## COUNT XXVIII
**(Breach of Contract — Failure to Repay Loan — Defendants Daniel Leon and Alchemy Capital Partners, LP)**

505.    Defendant repeats and realleges each and every response set forth above as if fully repeated and realleged herein.

506.    The allegations in paragraph 506 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 506 of the Complaint.

507.    The allegations in paragraph 507 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 507 of the Complaint.

508.    The allegations in paragraph 508 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 508 of the Complaint.

509.    The allegations in paragraph 509 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 509 of the Complaint.

510.    The allegations in paragraph 510 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 510 of the Complaint.

511.    The allegations in paragraph 511 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 511 of the Complaint.

512.    The allegations in paragraph 512 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required,

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 512 of the Complaint.

**COUNT XXIX**

**(Avoidance and Recovery of Actual Fraudulent Transfers — 11 U.S.C. §§ 544(b); 548(a)(1)(A); 550; and Applicable Law (including, but not limited, to the Uniform Fraudulent Transfer Act as enacted in the states of New York, New Jersey, and Delaware) — Defendant Bits of Sunshine LLC)**

513.     Defendant repeats and realleges each and every response set forth above as if fully repeated and realleged herein.

514.     The allegations in paragraph 514 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 514 of the Complaint.

515.     The allegations in paragraph 515 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 515 of the Complaint.

516.     The allegations in paragraph 516 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 516 of the Complaint.

517.     The allegations in paragraph 517 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 517 of the Complaint.

518.    The allegations in paragraph 518 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 518 of the Complaint.

519.    The allegations in paragraph 519 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 519 of the Complaint.

520.    The allegations in paragraph 520 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 520 of the Complaint.

521.    The allegations in paragraph 521 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 521 of the Complaint.

522.    The allegations in paragraph 522 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 522 of the Complaint.

523.    The allegations in paragraph 523 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required,

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 523 of the Complaint.

524.    The allegations in paragraph 524 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 524 of the Complaint.

525.    The allegations in paragraph 525 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 525 of the Complaint.

## <u>COUNT XXX</u>
**(Avoidance and Recovery of Actual Fraudulent Transfers — 11 U.S.C. §§ 544(b); 548(a)(1)(A); 550; and Applicable Law (including, but not limited, to the Uniform Fraudulent Transfer Act as enacted in the states of New York, New Jersey, and Delaware) — Defendant Four Thirteen LLC)**

526.    Defendant repeats and realleges each and every response set forth above as if fully repeated and realleged herein.

527.    The allegations in paragraph 527 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 527 of the Complaint.

528.    The allegations in paragraph 528 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 528 of the Complaint.

529.    The allegations in paragraph 529 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 529 of the Complaint.

530.    The allegations in paragraph 530 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 530 of the Complaint.

531.    The allegations in paragraph 531 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 531 of the Complaint.

532.    The allegations in paragraph 532 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 532 of the Complaint.

533.    The allegations in paragraph 533 of the Complaint are not directed at Defendant and no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 533 of the Complaint.

534.    The allegations in paragraph 534 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required,

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 534 of the Complaint.

535.    The allegations in paragraph 535 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 535 of the Complaint.

536.    The allegations in paragraph 536 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 536 of the Complaint.

537.    The allegations in paragraph 537 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 537 of the Complaint.

538.    The allegations in paragraph 538 of the Complaint are not directed at Defendant and state legal conclusions for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 538 of the Complaint.

## COUNT XXXI

**(Avoidance and Recovery of Actual Fraudulent Transfers — OTC Sales — 11 U.S.C. §§ 544(b); 548(a)(1)(A); 550; and Applicable Law (including, but not limited, to the Uniform Fraudulent Transfer Act as enacted in the states of New York, New Jersey, and Delaware) – Defendants Alexander Mashinsky, Shlomi Daniel Leon, Hanoch Goldstein, Aliza Landes, Johannes Treutler, Harumi Urata-Thompson, Jeremie Beaudry, Roni Cohen-Pavon, and Four Thirteen LLC)**

539.    Defendant repeats and realleges each and every response set forth above as if fully repeated and realleged herein.

540.    The allegations in paragraph 540 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 540 of the Complaint.

541.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the other Defendants in paragraph 541, except Defendant admits Defendant "sold CEL tokens to the company via the OTC desk" on October 18, 2020.

542.    In response to paragraph 542 of the Complaint, Defendant directs the Court to the transactions as they speak for themselves and denies anything inconsistent therewith.

543.    The allegations in paragraph 543 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 543 of the Complaint.

544.    Defendant denies the allegations in paragraph 544 of the Complaint as they relate to Defendant and lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they relate to Leon, Goldstein, Landes, Treutler, Urata-Thompson, Cohen-Pavon, Beaudry, and Four Thirteen LLC.

545.    Defendant denies the allegations in paragraph 545 of the Complaint as they relate to Defendant and lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they relate to Leon, Goldstein, Landes, Treutler, Urata-Thompson, Cohen-Pavon, Beaudry, and Four Thirteen LLC.

546.    Defendant denies the allegations in paragraph 546 of the Complaint as they relate to Defendant and lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they relate to Leon, Goldstein, Landes, Treutler, Urata-Thompson, Cohen-Pavon, Beaudry, and Four Thirteen LLC.

547.    The allegations in paragraph 547 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 547 of the Complaint.

548.    The allegations in paragraph 548 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 548 of the Complaint.

549.    The allegations in paragraph 549 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 549 of the Complaint as they relate to Defendant and lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they relate to Leon, Goldstein, Landes, Treutler, Urata-Thompson, Cohen-Pavon, Beaudry, and Four Thirteen LLC.

550.    The allegations in paragraph 550 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 550 of the Complaint as they relate to Defendant and lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they relate to Leon, Goldstein, Landes, Treutler, Urata-Thompson, Cohen-Pavon, Beaudry, and Four Thirteen LLC.

## COUNT XXXII

**(Avoidance and Recovery of Constructive Fraudulent Transfers — OTC Sales — 11 U.S.C. §§ 544(b); 548(a)(1)(B); 550; and Applicable Law (including, but not limited, to the Uniform Fraudulent Transfer Act as enacted in the states of New York, New Jersey, and Delaware) — Defendants Alexander Mashinsky, Shlomi Daniel Leon, Hanoch Goldstein,**

**Aliza Landes, Johannes Treutler, Harumi Urata-Thompson, Jeremie Beaudry, Roni
Cohen-Pavon, and Four Thirteen LLC)**

551.    Defendant repeats and realleges each and every response set forth above as if fully
repeated and realleged herein.

552.    The allegations in paragraph 552 of the Complaint state legal conclusions for which
no response is required. To the extent a response is required, Defendant lacks knowledge or
information sufficient to form a belief as to the truth of the allegations in paragraph 552 of the
Complaint.

553.    The allegations in paragraph 553 of the Complaint state legal conclusions for which
no response is required. To the extent a response is required, Defendant denies the allegations in
paragraph 553, except lacks knowledge and information sufficient to form a belief as to the truth
of the allegations as they relate to Leon, Goldstein, Landes, Treutler, Urata-Thompson, Cohen-
Pavon, Beaudry, and Four Thirteen LLC, and admits on October 18, 2020, Defendant "sold CEL
tokens to the company via the OTC desk."

554.    Defendant denies the allegations in paragraph 554 of the Complaint as they relate
to Defendant and lacks knowledge and information sufficient to form a belief as to the truth of the
allegations as they relate to Leon, Goldstein, Landes, Treutler, Urata-Thompson, Cohen-Pavon,
Beaudry, and Four Thirteen LLC.

555.    Defendant denies the allegations in paragraph 555 of the Complaint.

556.    Defendant denies the allegations in paragraph 556 of the Complaint.

557.    The allegations in paragraph 557 of the Complaint state legal conclusions for which
no response is required. To the extent a response is required, Defendant denies the allegations in
paragraph 557, except lacks knowledge and information sufficient to form a belief as to the truth

of the allegations as they relate to Leon, Goldstein, Landes, Treutler, Urata-Thompson, Cohen-Pavon, Beaudry, and Four Thirteen LLC.

558.     The allegations in paragraph 558 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 558.

559.     The allegations in paragraph 559 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 559, except lacks knowledge and information sufficient to form a belief as to the truth of the allegations as they relate to Leon, Goldstein, Landes, Treutler, Urata-Thompson, Cohen-Pavon, Beaudry, and Four Thirteen LLC.

560.     The allegations in paragraph 560 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 560 of the Complaint.

## COUNT XXXIII
**(Avoidance and Recovery of Actual Fraudulent Transfers — CEL Token Bonus Cash Payments — 11 U.S.C. §§ 544(b); 548(a)(1)(A); 550; and Applicable Law, including, but not limited, to the Uniform Fraudulent Transfer Act as enacted in the states of New York, New Jersey, and Delaware — Defendants Alexander Mashinsky, Shlomi Daniel Leon, Hanoch Goldstein, Jeremie Beaudry, Harumi Urata-Thompson, Roni Cohen-Pavon, Aliza Landes, and Johannes Treutler)**

561.     Defendant repeats and realleges each and every response set forth above as if fully repeated and realleged herein.

562.     The allegations in paragraph 562 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 562.

563.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 563 of the Complaint.

564.    Defendant denies the allegations in paragraph 564 of the Complaint.

565.    Defendant denies the allegations in paragraph 565 of the Complaint.

566.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 566 of the Complaint.

567.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 567 of the Complaint.

568.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 568 of the Complaint.

569.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 569 of the Complaint.

570.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 570 of the Complaint.

571.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 571 of the Complaint.

572.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 572 of the Complaint.

573.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 573 of the Complaint.

574.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 574 of the Complaint.

575.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 575 of the Complaint.

576.     The allegations in paragraph 576 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 576 as they relate to Defendant and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.

577.     Defendant denies the allegations in paragraph 577 of the Complaint.

578.     Defendant denies the allegation in paragraph 578 of the Complaint.

579.     Defendant denies the allegation in paragraph 579 of the Complaint.

580.     The allegations in paragraph 580 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 580 as they relate to Defendant and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.

581.     The allegations in paragraph 581 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 581 as they relate to Defendant and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.

582.     The allegations in paragraph 582 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 582 as they relate to Defendant and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.

583.     The allegations in paragraph 583 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in

paragraph 583 as they relate to Defendant and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.

584.    The allegations in paragraph 584 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 584 as they relate to Defendant and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.

### COUNT XXXIV
**(Avoidance and Recovery of Constructive Fraudulent Transfers — CEL Token Bonus Cash Payments — 11 U.S.C. §§ 544(b)(1); 548(a)(1)(B); 550; and Applicable Law including, but not limited, to the Uniform Fraudulent Transfer Act as enacted in the states of New York, New Jersey, and Delaware — Defendants Alexander Mashinsky, Shlomi Daniel Leon, Hanoch Goldstein, Jeremie Beaudry, Harumi Urata-Thompson, Roni Cohen-Pavon, Aliza Landes, and Johannes Treutler)**

585.    Defendant repeats and realleges each and every response set forth above as if fully repeated and realleged herein.

586.    The allegations in paragraph 586 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 586 of the Complaint.

587.    Defendant denies the allegations in paragraph 587 as they relate to Defendant and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.

588.    Defendant denies the allegations in paragraph 588 of the Complaint.

589.    Defendant denies the allegations in paragraph 589 of the Complaint.

590.    Defendant denies the allegations in paragraph 590 of the Complaint.

591.     The allegations in paragraph 591 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 587 as they relate to Defendant and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.

592.     The allegations in paragraph 592 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 592 of the Complaint.

593.     The allegations in paragraph 593 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 593 of the Complaint.

594.     The allegations in paragraph 594 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 594 as they relate to Defendant and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.

595.     The allegations in paragraph 595 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 594 of the Complaint.

**COUNT XXXV**

**(Equitable Subordination – 11 U.S.C. § 510 – Defendants Alexander Mashinsky, Shlomi Daniel Leon, Hanoch Goldstein, Roni Cohen-Pavon, Harumi Urata-Thompson, Jeremie Beaudry, Johannes Treutler, Kristine Meehan Mashinsky, Aliza Landes, AM Ventures Holding, Inc., Koala1 LLC, Koala2 LLC, Koala3 LLC, Bits of Sunshine LLC, Four Thirteen LLC, and Alchemy Capital Partners, LP)**

596.    Defendant repeats and realleges each and every response set forth above as if fully repeated and realleged herein.

597.    Defendant denies the allegations in paragraph 597 as they relate to Defendant and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.

598.    Defendant denies the allegations in paragraph 598 as they relate to Defendant and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.

599.    Defendant denies the allegations in paragraph 599 as they relate to Defendant and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.

600.    Defendant denies the allegations in paragraph 600 as they relate to Defendant and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.

601.    Defendant denies the allegations in paragraph 601 as they relate to Defendant, except that Defendant refers the Court to his guilty plea allocution in *United States v. Mashinsky*, 23 Cr. 347 (JGK) (S.D.N.Y. Dec. 3, 2024) and denies anything inconsistent therewith,  and Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.

602.    Defendant denies the allegations in paragraph 602 as they relate to Defendant and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.

603.     The allegations in paragraph 603 of the Complaint state legal conclusions for which

no response is required. To the extent a response is required, Defendant denies the allegations in

in paragraph 603 as they relate to Defendant and lacks knowledge or information sufficient to form

a belief as to the truth of the remaining allegations in the paragraph.

604.     Defendant denies the allegations in paragraph 604 as they relate to Defendant and

lacks knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in the paragraph.

605.     Defendant denies the allegations in paragraph 605 as they relate to Defendant and

lacks knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in the paragraph.

606.     The allegations in paragraph 606 of the Complaint state legal conclusions for which

no response is required. To the extent a response is required, Defendant denies the allegations in

in paragraph 606 as they relate to Defendant and lacks knowledge or information sufficient to form

a belief as to the truth of the remaining allegations in the paragraph.

607.     The allegations in paragraph 607 of the Complaint state legal conclusions for which

no response is required. To the extent a response is required, Defendant denies the allegations in

in paragraph 607 as they relate to Defendant and lacks knowledge or information sufficient to form

a belief as to the truth of the remaining allegations in the paragraph.

## COUNT XXXVI
**(Disallowance of Defendants' Claims — 11 U.S.C. § 502(d) — Defendants Alexander
Mashinsky, Shlomi Daniel Leon, Hanoch Goldstein, Roni Cohen-Pavon, Harumi Urata-
Thompson, Jeremie Beaudry, Johannes Treutler, Kristine Meehan Mashinsky, Aliza
Landes, AM Ventures Holding, Inc., Koala1 LLC, Koala2 LLC, Koala3 LLC, Bits of
Sunshine LLC, Four Thirteen LLC, and Alchemy Capital Partners, LP)**

608.     Defendant repeats and realleges each and every response set forth above as if fully

repeated and realleged herein.

609.     The allegations in paragraph 609 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in in paragraph 609 as they relate to Defendant and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.

610.     The allegations in paragraph 610 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in in paragraph 610 as they relate to Defendant and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.

611.     The allegations in paragraph 611 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in in paragraph 611 as they relate to Defendant and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.

## **AFFIRMATIVE DEFENSES**

612.     Defendant hereby states his separate and distinct affirmative defenses to the Complaint. By listing any matter as an affirmative defense, Defendant does not assume the burden of proving any matter upon which Plaintiff bears the burden of proof under applicable law.

### **First Affirmative Defense**

613.     The Complaint fails to state a claim upon which relief can be granted

### **Second Affirmative Defense**

614.     The Plaintiff's claims are barred by the doctrine of laches.

### **Third Affirmative Defense**

615.     The Plaintiff's claims are barred by the doctrine of estoppel.

### **Fourth Affirmative Defense**

616.   The Plaintiff's claims are barred for lack of standing.

## Fifth Affirmative Defense

617.   The Plaintiff's claims are barred under Contemporaneous Exchange for New Value (11 U.S.C. § 547(c)(1)) and/or Subsequent New Value Defense (11 U.S.C. § 547(c)(4)) as Defendant provided new value through his services and performance of duties as director and CEO in exchange for all of the subject transfers.

## Sixth Affirmative Defense

618.   The Plaintiff's claims are barred under Limitations on Avoiding Powers (11 U.S.C. § 546(e)).

## Seventh Affirmative Defense

619.   The Plaintiff's claims are barred under Ordinary Course of Business (11 U.S.C. § 547(c)(2)) as Celsius regularly paid salaries and additional compensation to executives like Defendant on a schedule and in a customary manner, and any transactions between Defendant and the Debtors were in the ordinary course of business as between Defendant and the Debtors and in the marketplace.

## Eighth Affirmative Defense

620.   The Plaintiff's claims are barred as the subject CEL tokens were not Debtor's property.

## Ninth Affirmative Defense

621.   The Plaintiff's claims are barred because the Debtors were not insolvent at the time of the relevant transfers or rendered insolvent as a result thereof.

## Tenth Affirmative Defense

622.     The Plaintiff's claims are barred because the relevant transfers were not made on account of an antecedent debt.

### Eleventh Affirmative Defense

623.     The Plaintiff's claims are barred because Defendant was a good-faith transferee as Defendant gave value in services as director and CEO and did not have knowledge of improper transfers.

### Twelfth Affirmative Defense

624.     The Plaintiff's claims are barred by the doctrine of unclean hands as Celsius's own unlawful conduct contributed to the relevant transfers.

### Thirteenth Affirmative Defense

625.     The Plaintiff's claims are barred by the business judgment rule as Defendant acted in good faith, with care that a reasonably prudent person would use, with the reasonable belief that Defendant was acting in the best interests of the Debtors.

### Fourteenth Affirmative Defense

626.     The Plaintiff's claims are barred by the doctrine of ratification as the relevant transfers were made subject to the approval of other directors and officers at the Debtors.

### Fifteenth Affirmative Defense

627.     The Plaintiff's claims under English Law are barred as English Law is inapplicable.

### Sixteenth Affirmative Defense

628.     The Plaintiff's claims are barred as any alleged misrepresentations by Defendant were not material.

### Seventeenth Affirmative Defense

629.   The Plaintiff's claims are barred as any alleged misrepresentations by Defendant were not known to be false at the time they were made.

## Eighteenth Affirmative Defense

630.   The Plaintiff's claims are barred as account holders did not rely on any alleged misrepresentation by Defendant.

## Nineteenth Affirmative Defenses

631.   The Plaintiff's claims are barred as Defendant lacked intent to induce reliance regarding any alleged misrepresentations.

## Twentieth Affirmative Defense

632.   Plaintiff's claims are barred, in whole or in part, by lack of actual or proximate causation.

## Twenty-First Affirmative Defense

633.   Plaintiff fails to identify a factual or legal basis for his claim for attorneys' fees.

## Twenty-Second Affirmative Defense

634.   Plaintiff is barred from recovering in excess of any statutory caps on punitive damages that may apply in this action.

## Twenty-Third Affirmative Defense

635.   Plaintiff's claims are barred, in whole or in part, for the reasons stated in any defenses asserted by any other defendant to this action, which are incorporated herein by reference to the extent applicable.

## RESERVATION OF RIGHTS

636.   Defendant denies any and all of the allegations in the Complaint that are not expressly herein admitted, or that are neither admitted nor denied for lack of information or

knowledge sufficient to form a belief as to the truth or falsity of the allegations. Defendant reserves the right to add additional affirmative defenses, as they become known through investigation and/or discovery in this action.

637.    Defendant does not consent to entry of final orders or judgments by the Bankruptcy Court.

## JURY DEMAND

638.    Defendant demands a trial by jury.

**WHEREFORE**, Defendant Alexander Mashinsky prays for judgment against Plaintiff Mohsin Y. Meghji, as Representative for the Post-Effective Date Debtors as follows:

(a)    That the Complaint be dismissed in its entirety with prejudice; and

(b)    Such other and further relief that the Court deems just and proper.

Dated: Uniondale, New York
    February 18, 2025

Respectfully submitted,

RUSKIN MOSCOU FALTISCHEK, P.C.

By:    /s/ Sheryl P. Giugliano
    Sheryl P. Giugliano
    1425 RXR Plaza
    East Tower, 15th Floor
    Uniondale, New York 11556
    *Attorneys for Defendant Alexander Mashinsky*

TO: All Counsel of Record (by ECF)