**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| | ) Chapter 11 |
| In re: | ) |
| | ) |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) Case No. 22-10964 (MG) |
| | ) |
| Post-Effective Date Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |
| | ) |
| MOHSIN Y. MEGHJI, as Representative for the Post-Effective Date Debtors, | ) |
| | ) Adv. Proc. No. 24-03667 (MG) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Alexander Mashinsky, Shlomi Daniel Leon, Hanoch Goldstein, Roni Cohen-Pavon, Harumi Urata-Thompson, Jeremie Beaudry, Johannes Treutler, Kristine Meehan Mashinsky, Aliza Landes, Am Ventures Holding, Inc., Koala1 LLC, Koala2 LLC, Koala3 LLC, Alchemy Capital Partners, LP, Bits of Sunshine LLC, and Four Thirteen LLC, | ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

### AMENDED CASE MANAGEMENT AND SCHEDULING ORDER

This Amended Case Management and Scheduling Order is entered by the Court, in accordance with Fed. R. Civ. P. 16(b) and 26(f).  It supersedes the Scheduling Order entered June 16, 2025 [Adv. Proc. Dkt. No. 117].

---

[1] The post-effective date debtors in the Chapter 11 cases (prior to the Effective Date of the Plan, the "**Debtors**," and after the Effective Date, the "**Post-Effective Date Debtors**," as applicable), along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these Chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

1.      Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court.

2.      Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed not later than the date of this Order.

3.      <u>Fact Discovery</u>

a.      The deadline for Defendants to identify their initial deposition witness lists shall be set by agreement between the parties or, if and only to the extent necessary, by further order of the Court.

b.      **December 1, 2025** shall be the date on which the Defendants, except for Johannes Treutler, shall have substantially completed the production of all documents responding to Plaintiff's document discovery requests.  The deadline for Mr. Treutler to substantially complete his document productions shall be set by agreement between him and Plaintiff or, if and only to the extent necessary, by further order of the Court.

c.      **December 12, 2025** shall be the date on which Plaintiff shall have substantially completed the production of all documents responding to Defendants' document discovery requests, provided the document discovery requests were served prior to the date of Plaintiff's *Motion (I) to Modify the Scheduling Order; (II) for Leave to Depose Alexander Mashinsky Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B); and (III) for Issuance of Letter of Request to Roni Cohen-Pavon Pursuant to the Hague Evidence Convention*.

d.      **January 16, 2026** shall be the date on which the Parties shall provide categorical privilege logs of documents responsive to the Document Requests that were withheld on the basis of any claim of privilege.

e.      **April 3, 2026** shall be the date on which all fact discovery shall be complete.

4.      The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure ("Civil Rules"), Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and the

Local Rules of the Bankruptcy Court for the Southern District of New York ("Local Bankruptcy

Rules").

     5.     <u>Expert Discovery</u>

     a.     **June 5, 2026** shall be the date on which all expert discovery shall be

complete.

     b.     **March 4, 2026** shall be the date by which the Parties shall meet and confer

on a schedule for expert disclosures, including reports, production of underlying documents and

depositions, provided that (i) Plaintiff's expert report(s) shall be due before those of Defendant(s)'

expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 5(a).

     6.     <u>Motions</u>

     a.  All motions and applications shall be governed by the Civil Rules, Bankruptcy

Rules and Local Bankruptcy Rules, including pre-motion conference requirements.  Pursuant to

the authority provided by Fed. R. Civ. P. 16(b)(2), a motion for summary judgment will be deemed

untimely unless a request for a pre-motion conference relating thereto (*see* Local Bankruptcy Rule

7056-1) is made in writing within fourteen (14) days after the close of fact discovery (*see* paragraph

3(e) hereof) (i.e., **April 17, 2026**).  **July 5, 2026** shall be the date by which the Parties shall file

any motion for summary judgment.

     b.  Motion papers shall be filed promptly after service.  All motions, and courtesy

copies of motions, shall include a table of contents listing all affidavits and exhibits.  Affidavits

and exhibits shall be clearly identified by tabs on both the original and courtesy copies.  Exhibits

shall be marked sequentially such that no exhibit number or letter repeats, regardless of the

affidavit to which it is attached.  Exhibits for plaintiffs should be marked by numbers; exhibits for

defendants should be marked by letters.

     c.  Two courtesy copies of all motions papers shall be delivered to chambers as soon

as practicable after filing.

d. **Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages. All memoranda shall be double-spaced, 12-point font, with 1" margins. Memoranda of 10 pages or more shall contain a table of contents and a table of authorities**.

e. Prior to filing a motion, counsel for the moving party shall contact my Courtroom Deputy, Deanna Anderson, to obtain a hearing date for the motion.

7. All counsel must meet face-to-face to discuss settlement or use of alternative dispute resolution ("ADR") within fourteen (14) days after the close of fact discovery (i.e., **April 17, 2026**). Counsel shall advise the Court promptly if they agree to use ADR to try to resolve some or all of the claims in the case. The use of any ADR mechanism does not stay or modify any date in this Order unless the Court agrees on the application of any party.

8. Counsel shall submit a proposed Joint Pretrial Conference Order within thirty (30) days after the close of fact and expert discovery (whichever is later) (i.e., **July 5, 2026**). The proposed Joint Pretrial Conference Order shall be prepared using the form of order that will be provided to counsel by my Courtroom Deputy or law clerks.

9. In the event of any discovery dispute in this action, counsel shall first meet and confer in an effort to resolve the dispute. If counsel are unable to resolve the dispute, counsel for any party seeking assistance from the Court shall, before filing any discovery motion, arrange a conference call with the Court with all counsel involved in the dispute. The Court will endeavor to resolve the dispute without the filing of any discovery motions.

10. The next Case Management Conference will not be scheduled at this time.

11. This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend any deadline established by this Order shall be made in a written application no less than five (5) days prior to the expiration of the date.

Dated: December 16, 2025
New York, New York

SO ORDERED:

　　　**/s/Martin Glenn**
CHIEF JUDGE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE