UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: <br><br> CELSIUS NETWORK LLC, *et al.*,[1] <br><br>                 Post-Effective Date Debtors. | Chapter 11 <br><br> Case No. 22-10964 (MG) <br><br> (Jointly Administered) |
| MOHSIN Y. MEGHJI, as Representative for the Post-Effective Date Debtors, <br><br>                 Plaintiff, <br><br> v. <br><br> Alexander Mashinsky, Shlomi Daniel Leon, Hanoch Goldstein, Roni Cohen-Pavon, Harumi Urata-Thompson, Jeremie Beaudry, Johannes Treutler, Kristine Meehan Mashinsky, Aliza Landes, Am Ventures Holding, Inc., Koala1 LLC, Koala2 LLC, Koala3 LLC, Alchemy Capital Partners, LP, Bits of Sunshine LLC, and Four Thirteen LLC, <br><br>                 Defendants. | Adv. Proc. No. 24-03667 (MG) |

**ORDER GRANTING MOTION FOR ISSUANCE OF LETTER OF
REQUEST TO RONI COHEN-PAVON PURSUANT TO THE
<u>HAGUE EVIDENCE CONVENTION</u>**

This matter coming before the Court on the *Motion (I) to Modify the Scheduling Order; (II) for Leave to Depose Alexander Mashinsky Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B); and (III) for Issuance of Letter of Request to Roni Cohen-Pavon Pursuant to the*

---

[1] The post-effective date debtors in the Chapter 11 cases (prior to the Effective Date of the Plan, the "**Debtors**," and after the Effective Date, the "**Post-Effective Date Debtors**," as applicable), along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these Chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Hague Evidence Convention* (the "**Motion**")[2] of the above-captioned plaintiff, Mohsin Y. Meghji, as Litigation Administrator for Celsius Network LLC and its affiliated post-effective date debtors (the "**Litigation Administrator**"), requesting issuance of a Letter of Request to Defendant Roni Cohen-Pavon ("**Defendant Cohen-Pavon**"), all as more fully set forth in the Motion; and the Court having found that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; (c) this matter is a core proceeding under 28 U.S.C. § 157; (d) service of the Motion was proper; and (e) the Court having reviewed the Motion and its supporting materials, and having determined that the legal and factual bases set forth in the Motion and supporting materials establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. The Litigation Administrator is authorized to take the deposition of Defendant Cohen-Pavon in accordance with the Hague Evidence Convention.

3. This Court shall execute and transmit the Letter of Request, attached as **Attachment A** hereto, to the Administration of Courts in Israel so that valid service of process may be effectuated upon Defendant Cohen-Pavon. In addition, the Court shall return an executed copy of **Attachment A** to the Litigation Administrator so that its local counsel may attempt to expedite the deposition process in Israel.

4. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

---

[2] Capitalized terms not otherwise defined shall have the meanings ascribed to them in the Motion filed contemporaneously herewith.

2

5. Notwithstanding any Bankruptcy Rule or Local Rule to the contrary, this Order shall be effective and enforceable immediately upon entry hereof.

6. Any relief granted to the Litigation Administrator pursuant to this Order shall be applicable only to the Litigation Administrator, and not to any other party. The relief granted in this Order shall not be deemed to alter, limit or prejudice the rights or privileges of any other party.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice thereof in satisfaction of the Bankruptcy Rules and the Local Rules.

8. The Litigation Administrator is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation, interpretation, and enforcement of this Order.

Dated: December 16, 2025
New York, New York

SO ORDERED:

   /s/Martin Glenn
CHIEF JUDGE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

# ATTACHMENT A

**Letter of Request**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 <br> ) |
| CELSIUS NETWORK LLC, *et al.*, | ) Case No. 22-10964 (MG) <br> ) |
|         Post-Effective Date Debtors. | ) (Jointly Administered) <br> ) |
| Mohsin Y. Meghji, as Representative for the Post-Effective Date Debtors, | ) <br> ) Adv. Proc. No. 24-03667 (MG) <br> ) |
|         Plaintiff, | ) |
| v. | ) |
| Alexander Mashinsky, Shlomi Daniel Leon, Hanoch Goldstein, Roni Cohen-Pavon, Harumi Urata-Thompson, Jeremie Beaudry, Johannes Treutler, Kristine Meehan Mashinsky, Aliza Landes, Am Ventures Holding, Inc., Koala1 LLC, Koala2 LLC, Koala3 LLC, Alchemy Capital Partners, LP, Bits of Sunshine LLC, and Four Thirteen LLC, | ) |
|         Defendants. | ) |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**
**UNDER THE HAGUE EVIDENCE CONVENTION**
**<u>(LETTER OF REQUEST)</u>**

      The United States Bankruptcy Court for the Southern District of New York (the "**Court**"), located at 1 Bowling Green, New York, NY 10004, United States, presents compliments to the Israeli Judicial Authority, and requests international judicial assistance to obtain witness testimony to be used in a bankruptcy proceeding pending before this Court.

      This request is made under, and in conformity with, the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, to which both the United States and Israel are parties. This Court requests that the Israeli Judicial Authority compel the

appearance of Roni Cohen-Pavon (of Israel) to testify under oath in his personal capacity. Upon information and belief, Mr. Cohen-Pavon's address is: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. The foregoing information is to be confirmed.

The Court considers that Mr. Cohen-Pavon's testimony will be relevant to the claims and defenses of this case, as he is a former Chief Revenue Officer of Celsius Network LLC. The complaint alleges he was responsible for leading and overseeing Celsius's regulatory compliance and played a central role in the alleged events. Based on his role at Celsius during the time relevant to this case, Mr. Cohen-Pavon is expected to have unique, specific and personal knowledge regarding several subject matters that are relevant to these proceedings, and that the requested evidence cannot be obtained without the assistance of the Israeli Judicial Authority.

In the proper exercise of its authority, this Court has determined that the witness testimony of Mr. Cohen-Pavon cannot be secured without the intervention of the Central Authority of Israel—the Administration of Courts.

This request is made pursuant to Rule 4(f)(2)(B) of the Federal Rules of Civil Procedure, the All Writs Act, 28 U.S.C. § 1651 and 28 U.S.C. § 1781 (permitting the transmittal of letters rogatory through the district courts and the Department of State).

The particulars of this Hague Evidence Convention request are as follows:

## LETTER OF REQUEST

1. **Sender**

    The Honorable Martin Glenn, Chief Judge
    United States Bankruptcy Court for the Southern District of New York
    One Bowling Green
    New York, NY 10004-1408
    United States of America

2. **Central Authority of the Requested State**

    Administration of Courts

Legal Assistance to Foreign Countries
22 Kanfei Nesharim Street,
Jerusalem, 9546435 Israel

3. **Person to whom the executed request is to be returned**

Kathryn Gundersen
White & Case LLP
1221 Avenue of the Americas
New York, NY 10020
United States of America

Tomer Weissman
Erdinast, Ben Nathan, Toledano and Co.
4 Berkowitz St.
Tel Aviv, Israel

4. **Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request**

This Court asks that a response to the Letter of Request be returned to the Plaintiff's counsel, identified in No. 3 above, as soon as practicable, and no later than February 1, 2026.

**IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

5.

   a. **Requesting judicial authority (Article 3, *a*)**

   United States Bankruptcy Court for the Southern District of New York
   One Bowling Green
   New York, NY 10004
   United States of America

   b. **To the competent authority of (Article 3, *a*)**

   Administration of Courts
   Legal Assistance to Foreign Countries
   22 Kanfei Nesharim Street,
   Jerusalem, 9546435 Israel

   c. **Name of the case and any identifying number**

   *Meghji v. Mashinsky et. al.*, Docket No. 1:24-ap-03667 (Bankr. S.D.N.Y.)

6. **Names and addresses of the parties and their representatives (including representatives in the Requested State) (Article 3, *b*)**

   a. **Plaintiffs**

   Mohsin Y. Meghji
   Represented by Aaron Colodny and Kathryn Gundersen
   White & Case LLP
   1221 Avenue of the Americas
   New York, NY, 10020
   United States of America
   Locally represented by EBN Law

   b. **Defendants**

   Roni Cohen-Pavon, unpresented in the United States.

   Alexander Mashinsky, unrepresented in the United States.

   Shlomi Daniel Leon, Aliza Landes, and Alchemy Capital Partners, LP
   All represented by Pieter Van Tol
   Van Tol Law PLLC,
   199 8th Avenue
   Brooklyn, NY 10017
   United States of America

   Hanoch Goldstein, Four Thirteen LLC, and Bits of Sunshine LLC.
   All represented by Avi Weitzman
   Paul Hastings LLP
   200 Park Avenue
   New York, NY 10166
   United States of America

   Harumi Urata-Thompson
   Represented by Constantine Economides
   Dynamis LLP
   1111 Brickell Avenue, 10th Floor
   Miami, FL 33131
   United States of America

   Jeremie Beaudry
   Represented by Thad Wilson
   King & Spalding LLP
   1180 Peachtree St. NE
   Atlanta, GA 30309
   United States of America

4

    Kristine Meehan Mashinsky and Koala2 LLC
    Both represented by Leigh Nathanson
    King & Spalding LLP
    1185 Avenue of the Americas
    New York, NY 10036
    United States of America

    Johannes Treutler
    Represented by Susan Brune
    Brune Law P.C.
    450 Park Avenue, Suite 1402
    New York, NY 10022
    United States of America

    AM Ventures Holdings Inc., unrepresented in the United States.

    Koala1 LLC, unrepresented in the United States.

    Koala3 LLC, unrepresented in the United States.

  **c. Other parties**

    Ron Deutsch, as a third-party defendant; Adrian Alisie, as a third-party defendant; and Oren Blonstein, as a third-party defendant.
    All represented by Avi Weitzman
    Paul Hastings LLP
    200 Park Avenue
    New York, NY 10166
    United States of America

**7.**

  **a. Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (Article 3, *c*)**

    This is an action for breach of fiduciary duty, fraudulent misrepresentation, violation of state consumer fraud statutes, and recovery of preferential and fraudulent transfers of property under applicable U.S. state law and the U.S. federal Bankruptcy Code.

  **b. Summary of complaint**

    Plaintiff Mohsin Y. Meghji, the litigation administrator for the reorganized Celsius Network, is suing the company's former leadership, including co-founders Alexander Mashinsky, Roni Cohen-Pavon, Daniel Leon, and Hanoch Goldstein for defrauding investors through a years-long pattern of deception, mismanagement,

5

and self-enrichment which ultimately led to Celsius's collapse and billions of dollars of creditor losses.

Celsius promoted itself as a safe alternative to traditional banking, claiming to generate sustainable high yields through prudent, collateralized investments. In reality, the company functioned as a risky, opaque enterprise that used customer assets to finance speculative trades, manipulate the price of its own CEL token, and conceal its growing insolvency. Executives fabricated the success of the company's initial coin offering, ignored internal risk warnings, and maintained control through falsified financial reporting and doctored public messaging.

The complaint also accuses leadership of withdrawing millions in crypto for personal benefit as bankruptcy loomed, while continuing to assure investors that the platform was sound. These actions form the basis of claims for breach of fiduciary duty, fraudulent misrepresentation, conspiracy, violations of consumer protection laws, and avoidance and recovery of preferential and fraudulent transfers of property. Plaintiff seeks to recover damages on behalf of Celsius's creditors and to hold its former executives accountable.

c. **Summary of defense and counterclaim**

Defendants have asserted numerous affirmative defenses applicable in U.S. courts, as well as a general denial of any deliberate fraud or wrongdoing. Defendants assert that they exercised their best business judgment when managing Celsius.

d. **Other necessary information or documents**

None.

8.

a. **Evidence to be obtained or other judicial act to be performed (Article 3, *d*)**

The Plaintiff in this proceeding seeks to take the deposition—in person and/or via Zoom—of Roni Cohen-Pavon, a defendant in the action, and ask questions about the facts at issue in the Complaint.

b. **Purpose of the evidence or judicial act sought**

Mr. Cohen-Pavon's testimony may be used in this civil proceeding for the purposes provided in the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the U.S. Bankruptcy Code, at trial of this action, or for any other purpose recognized by applicable law.

9. **Identity and address of any person to be examined (Article 3, *e*)**

Roni Cohen-Pavon

Last known address:

10. **Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined (Article 3, *f*)**

   The Court will examine Roni Cohen-Pavon about his personal knowledge of the subject matter of this case, including:

   His role at Celsius; his involvement in Celsius's investment decisions and trading strategies; manipulating the price of the CEL token; Celsius's treatment of false and misleading public statements by the defendants; and preferential and fraudulent transfers of assets he received from Celsius.

11. **Documents or other property to be inspected (Article 3, *g*)**

   None.

12. **Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3, *h*)**

   This Court requests that Mr. Cohen-Pavon agree to testify under oath and penalty of perjury under the laws of the United States, under 28 U.S.C. § 1746 and Rule 30 of the Federal Rules of Civil Procedure, and upon stipulation of the parties to this action. Alternatively, this Court requests that the Courts of Israel instruct a person authorized to administer oaths by the laws of Israel to take Mr. Cohen-Pavon's oath.

13. **Special methods or procedure to be followed (e.g. oral or in writing, verbatim, transcript or summary, cross-examination, etc.) (Article 3, *i* and 9)**

   This Court requests that the Courts of Israel allow Plaintiff's counsel to take Mr. Cohen-Pavon's testimony either in person and/or via Zoom as provided by Rule 30 of the Federal Rules of Civil Procedure, and that designated counsel for the defendants then be permitted to further examine the witness. In this manner, the testimony should be recorded by stenographic means. Specifically, this Court requests that the witness examination be performed in the following manner:

   - This Court requests that counsel for the Plaintiff and Defendants be permitted to attend the questioning and to each have a reasonable opportunity to examine and cross-examine Mr. Cohen-Pavon.

   - This Court requests that the questions be posed to Mr. Cohen-Pavon and his answers be recorded by a court reporter or by a person able to produce a verbatim transcript of the examination. Counsel for Plaintiff will provide a reporter certified by the United States federal courts.

- This Court requests that the questioning be conducted in English, and that the Federal Rules of Civil Procedure, as they relate to deposition testimony, be applied in Mr. Cohen-Pavon's examination.

14. **Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7)**

    This Court requests that the Courts of Israel permit Mr. Cohen-Pavon to provide in-person and/or Zoom testimony at a date, time, and place convenient to all parties within 30 days of receipt of this request or, alternatively, that they otherwise give notice to Plaintiff's counsel as to the date, time, and place for Mr. Cohen-Pavon's examination. Counsel for the Plaintiff will notify counsel to the other parties in this action about the ultimate date, time, and location of Mr. Cohen-Pavon's examination. Should Mr. Cohen-Pavon retain counsel, counsel for the Plaintiff will contact counsel for Mr. Cohen-Pavon about the date, time, and location of the deposition as well.

15. **Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Article 8)**

    None.

16. **Specification of privilege or duty to refuse to give evidence under the law of the State of origin (Article 11, *b*)**

    Mr. Cohen-Pavon may refuse to give evidence if there is a privilege or duty to refuse to give evidence under the laws of the United States or Israel.

17. **The fees and costs incurred are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by**

    White & Case LLP
    1221 Avenue of the Americas
    New York, NY 10020
    United States of America


**DATE OF REQUEST:** December 16, 2025

By: _____/s/Martin Glenn_____

    **MARTIN GLENN**
    **UNITED STATES CHIEF JUDGE**

The Honorable Martin Glenn, Chief Judge
United States Bankruptcy Court for the Southern District of New York

One Bowling Green
New York, NY 10004-1408
United States of America