# EXHIBIT 1

Page 1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 22-10964-mg

Adv. Case No. 24-03667-mg

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In the Matter of:

CELSIUS NETWORK LLC,

        Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEGHJI,

              Plaintiff,

         v.

MASHINSKY, ET AL.,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**Page 2**

United States Bankruptcy Court

One Bowling Green

New York, NY  10004


January 29, 2026

2:00 PM

B E F O R E :

HON. MARTIN GLENN

U.S. BANKRUPTCY JUDGE


ECRO:  KENDRA AND AMANDA

HEARING re Zoom Discovery Conference.   (related document(s)
171 to 177)

Transcribed by:  Sonya Ledanski Hyde

Page 4

A P P E A R A N C E S :


VAN TOL LAW PLLC

        Attorneys for Alchemy Capital Partners, Aliza Landes

        and Shlomi Daniel Leon

        199 8th Avenue

        Brooklyn, NY 10017


BY:  PIETER VAN TOL


WHITE & CASE LLP

        Attorneys for Mohsin Y. Meghji

        111 South Wacker Drive

        Chicago, IL 60606


BY:  ERIN ROSENBERG

        LUCAS GREGORY CURTIS


KING & SPALDING LLP

        Attorneys for Kristine Meehan Mashinsky and Koala 2 LLC

        1290 Avenue of the Americas

        New York, NY 10104


BY:  LEIGH NATHANSON

**Page 5**

KING & SPALDING LLP

     Attorneys for Jeremie Beaudry

     1180 Peachtree St NE

     Atlanta, GA 30309


BY:  THADDEUS D. WILSON


TROUTMAN PEPPER LOCKE LLP

     Attorneys for The Troutman/Lowenstein Group

     875 Third Avenue

     New York, NY 10022


BY:  DEBORAH KOVSKY-APAP


DYNAMIS LLP

     Attorneys for Harum Urata-Thompson

     1111 Brickell Avenue

     Miami, FL 33131


BY:  CONSTANTINE ECONOMIDES

Page 6

PAUL HASTINGS LLP

     Attorneys for Bits of Sunshine LLC and Four Thirteen

     LLC

     200 Park Avenue

     New York, NY 10166


BY:  AVI WEITZMAN


BRUNE LAW PC

     Attorneys for Johannes Treutler

     450 Park Avenue

     New York, NY 10022


BY:  SUSAN BRUNE

Page 29

fair game there, Rule 69 doesn't serve to limit that.

And I don't know, Mr. Van Tol will tell you, I'm not sure that he disagrees with that. It wasn't clear to me from his letter. But I'm sure you'll hear shortly.

For context, Your Honor, the types of things we've been asking about here are, for example, describe the purpose of withdrawals from the Celsius platform and what you did with the proceeds. Describe loans from Celsius that you took out and what you did with the proceeds. Describe subsequent transfers of those proceeds. Identify trusts or other entities those proceeds were moved to.

Many of the defendants are refusing to provide this information. They say it's not relevant. And again, we disagree. As you just read, Your Honor, Mr. Van Tol cited a couple cases in his letter. We didn't cite any cases in our letter because we understood this to be a pretty formal discovery dispute conference. We have cases we'd be happy to share with Your Honor if you think that would be helpful. We discussed some with Pieter before. We have others.

Ultimately from my perspective I think the rules themselves are pretty clear here. But we would be happy to provide the Court with any more information should it wish to have it. I will say for our part, we don't believe the cases that Mr. Van Tol cited were helpful. For example, the

Page 30

(indiscernible) case just dealt with the Court bifurcation a trial.  It said nothing about denying discovery under Rule 26.  And the (indiscernible) -- that can't be right.  The other case starts with blue -- everyone will forgive me for not remembering that -- says nothing about whether the information we're asking for, again, falls within the scope of Rule 26, which we think is the relevant inquiry here.

I will say -- and again, we didn't brief this, but we do have a case.  It's unpublished because I think a lot of discovery disputes are, and from another district.  But it's the (indiscernible) case, 2021 WL 9597883 from the District of Arizona that we thought was interesting for a couple of reasons.  First, it discusses an argument where a defendant argues that he should not be required to turn over bank records in discovery because he is not the subject of an adverse judgment.  Similar argument the defendants are making here.

The Court's view, this is a peculiar argument.  Perhaps (indiscernible) confused about the relationship between Rule 26 which governs the scope of discovery and Rule 69 concerning the execution of judgments.  Rule 69(a)(2) provides that in aid of judgment or execution, the judgment creditor or successor whose interest appears of record may obtain discovery from any person including the judgment debtor as provided in these rules.

Page 31

But the provision in the federal rules for discovery against judgment debtors in Rule 69 does not diminish the availability of discovery prior to judgment. Bank records are discoverable even against parties that are not subject to the adverse judgment that, you know, was more fact-specific there, Your Honor.

Here, the issues that we think this type of discovery his highly relevant to include badges of fraud, include breach of fiduciary duty, can include the value of transfers sought to be recovered. I think Mr. Van Tol has made arguments based on 550 where the caselaw talks about recovery and avoidance being two separate concepts. But I don't see how that provides any support for the argument that the information we are seeking is not subject to discovery. And so again, we do have a disagreement here. We think that this information is important. We are doing discovery now. We think it should be made available now. And whether that's via document production or interrogatories I suppose is less important than the ultimate point that we need to get it one way or another.

Continuing on, Your Honor. We have something in our letter about issues we wanted Your Honor to be aware of that might not be quite ripe. One of them has ripened in the time since we submitted our letter, and that's related to depositions.

Page 52

MR. VAN TOL:  Understood, Your Honor.  Thank you.

THE COURT:  That's not a criticism of anybody. That's saying from my own experience what the answer is. And somebody -- for lawyers who disagree with that, you're going to have a hard time convincing me otherwise.

MR. VAN TOL:  Your Honor, should I continue on to the next issue?  I only have a few more things.

THE COURT:  Please.

MR. VAN TOL:  On the subsequent transfer point, it's not so much a Rule 69 versus Rule 26 objection we have, it is a Rule 26 relevance objection.

So Your Honor saw our letter.  And you know better than I do, Your Honor, the distinction between an avoidance claim and then a recovery under 550(a).  And our point is until you have a judgment or you have an ability to go after someone under 550(a), it's not -- these documents aren't relevant to any existing claim.

THE COURT:  Mr. Van Tol, let me push back on that. Because this is an issue in the preference cases as well. And we haven't had discovery, or at least I haven't seen what the facts are yet.

But assuming that your clients traded out of the positions of any conveyance or fraud, either preference or fraudulent -- alleged fraudulent conveyance that the trust administrator is seeking to recover -- the Litigation

Page 53

Administrator, excuse me, in my view, the Code is unclear about -- because the Code provides for the recovery of in-kind or for value. And I'm not aware of caselaw -- and maybe you all are, and I'm sure at the appropriate time you'll advise me of it, whether for example if a defendant received a transfer, let's say then the preference cases in the 90-day period, but within days of receiving that transfer went ahead and sold the bitcoin as an example, does that mean that the litigation administrator has a claim for today's value of the Bitcoin, or at the date that they transferred out?

So it is relevant to the damages calculation far beyond the issue of judgment recovery. But let's not put the cart -- you're going to do such a persuasive job that your client (indiscernible). That doesn't change the issue of I'm not going to put off discovery that will arguably go to what the recovery potentially is.

MR. VAN TOL: Well, Your Honor, I was thinking --

THE COURT: (indiscernible) explained that appropriately, but hopefully you've gotten the gist of it. Because the way the Code is written, either recover what was transferred or the value. Well, value when? I don't know. We'll see. I'm sure there are going to be plenty of arguments about that.

MR. VAN TOL: Well, Your Honor, I was thinking in

Page 54

more simplistic terms.  And I appreciate what you're talking

about, and I've seen that briefing.  But in many instances,

I think what the individuals were talking about money

received from Celsius that then goes somewhere else such as

paying your Amex bill, paying your lawyers, paying taxes.

That's the kind of thing that I'm talking about that doesn't

seem to really go to the issue.  Because as I understand the

law, the initial transferee is on the hook whether they

burned it, spent it, or whatever they did with it.  They're

on the hook.  The subsequent transferee might be on the hook

as well.  But that doesn't become an issue until the initial

transferee is found liable.

THE COURT:  That's all well and good when we're

dealing about dollars and cents.  But as soon as we're

dealing with crypto, which has fluctuated in value since the

initial transfers, I hope you see the point that I'm

raising.

MR. VAN TOL:  I do, Your Honor.  And I'm thinking

maybe this is a subject for, with your guidance, which is

very helpful, it's a subject for discussions between the

defendants and the litigation administrator.  Because I

think there might be different buckets of subsequent

transfers that we're talking about.

THE COURT:  Let me stop there.  And I'm not ready

to rule on any of that.  I just identified the issue.  Ms.

Page 55

Kovsky is I think still on the line.  I gave them a chance

to weigh in on the issue when I was faced with default

judgments.  You know, I wanted to give those who really are

fighting, really have a stake in this.  But they decided

that they really didn't want -- they briefed it slightly.

But for the most part they said, well, it's not really

relevant at the present time.

MR. VAN TOL:  Your Honor, if it helps, if you want

to toggle to someone else, I am finished with my remarks.

And thank you very much.

THE COURT:  Thank you very much.  And keep

cooperating.

MR. VAN TOL:  Yes.

THE COURT:  The better you're able to work this

stuff out.  I think we'll get to this.  I'm prepared -- and

I've said this in the preference cases.  And I think it's no

secret to any of you that I've announced that I'm retiring

September 30th.  And I am determined to push these cases,

all of the Celsius adversary proceedings as far along as I

possibly can before then so that nobody can run out the

clock.  And it's going to make me stingy about extensions of

time on discovery.

MS. NATHANSON:  Your Honor, I'm happy to go next

if it's okay with the Court, mostly because I think my piece

-- and I represent Ms. Meehan and Koala 2 -- is going to be

Page 82

MS. ROSENBERG:  Your Honor, before you proceed to Mr. Weitzman's request, I had one very brief point I wanted clarification on if I may.

THE COURT:  Sure.  Go ahead.

MS. ROSENBERG:  I appreciate counsel for Ms. UrataThompson's remarks that they desire to continue to confer.  I assume that that is going to be done very efficiently.  And we hope not to be back before you soon. But if we need to be, we will.

One thing that I don't have clarity on is I think I had told the Court before, they had taken the position that they did not have to provide any information on productions to or communications with the government.  Am I correct in understanding that Your Honor would require them to confirm whether that exists, and if it does, produce it promptly?

THE COURT:  Let me -- and if there's objection to producing information that's been produced to the government -- you know, I've been on the bench for almost 19 years. And when I was in practice, I used to do a lot of securities litigation.  And I remember it being an issue in those cases as to whether parties had an obligation to produce information they had produced to the SEC.  And many years have passed since then.  But there was a split in authority back then.

Page 83

So if you can agree on the issue, fine.  If you can't, you ought to have another meet and confer.  If you can't, you ought to agree on a letter briefing schedule to address the obligation of parties to produce information they provided to the government, either in criminal cases or in regulatory proceedings.  I am not prepared to rule on that today.  It's a long time ago that I've dealt with this issue, but I remember there being a split in authority about whether or not -- under what circumstances you could withhold documents that you had produced to a government agency.

MS. ROSENBERG:  Understood, Your Honor.  And to date that objection has not been specifically interposed.  The objection that we have received is that they don't believe we've asked for it.  We read our request into the record before.  We think we have.  So it would be helpful to know today if there is such information at a minimum or --

THE COURT:  Let me suggest this.  See if you can pin down whether -- is there an objection?  If not, you know, you can clarify by letter or supplemental discovery request to make it clear that you're asking for this information.

MS. ROSENBERG:  Understood.

MR. ECONOMIDES:  Your Honor, I'm happy to give a -- well, I think you've resolved this.