**WIGGIN**
WIGGIN AND DANA

Wiggin and Dana LLP          James I. Glasser
One Century Tower           203.498.4313
265 Church Street           203.782.2889 fax
New Haven, Connecticut      jglasser@wiggin.com
06510
www.wiggin.com

March 17, 2026

**VIA EMAIL**
The Honorable Martin Glenn
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 523
New York, NY 10004-1408
mg.chambers@nysb.uscourts.gov

Re:    *Meghji v. Mashinsky et al. (In re Celsius Network LLC),* Adv. Proc. No. 1:24-cv-03667
       (MG) (Bankr. S.D.N.Y.)

Your Honor:

I respectfully submit this letter on behalf of third-party witness Connor Nolan, addressing an
urgent and time-sensitive scheduling matter requiring the Court's attention.

Mr. Nolan received the attached subpoena dated March 10, 2026 and served on March 15,
2026, issued by counsel Kimberly A. Jones of Dynamis LLP, on behalf of defendant Harumi
Urata-Thompson, as well as defendants Daniel Leon, Aliza Landes, Hanoch Goldstein, Kristine
Meehan and others.  The subpoena noticed Mr. Nolan's deposition for Wednesday, March
18, 2026 at 9:00am ET.  Upon receipt, undersigned counsel took significant steps to clear his
calendar and to make himself available for the noticed deposition.  Similarly, Mr. Nolan, who
is a relatively new employee at his current place of employment, also took significant steps to
clear his calendar and submitted a request to his current employer for leave.  That request for
leave was granted.

After making ourselves available for the noticed date, at or about 6:00pm ET on Monday,
March 16, undersigned received a unilateral request from noticing counsel to change the
date of the deposition.  Noticing counsel referenced two reasons for the change:  first, they
explained that the deposition coincided with the Status Conference scheduled for the same
day, notwithstanding the fact that counsel previously noticed Mr. Nolan's deposition for
March 18 *after* the Court had set the Status Conference date.  Second, noticing counsel
reasoned that they did not have a conference room booked for the deposition.

Undersigned offered to make his office's conference room available in New York.  Further,
this morning, undersigned advised noticing counsel that a conference room was available at
Plaintiff's counsel's offices.  Undersigned also offered to accommodate noticing counsel by
starting the deposition at an earlier time despite traveling from out of state; taking a break
mid-deposition to permit all counsel to attend the Status Conference; and extending the
deposition to after-hours in order to ensure seven hours of deposition.

March 17, 2026
Page 2

Due to significant, uncontrollable and time-sensitive family reasons pertaining to Mr. Nolan, which undersigned previously conveyed to noticing counsel, Mr. Nolan's deposition must be accomplished as scheduled.

I respectfully ask the Court to schedule a telephonic conference with Parties and undersigned at or after 3pm ET today in order to address this matter.


Respectfully submitted,


James I. Glasser


cc:      All counsel of record (via CM/ECF and via E-mail)